DECISION
{¶ 1} Relator, Patricia Ford, filed an original action in mandamus requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio *Page 2 
("commission") to vacate its order, which denied her request for relief, pursuant to R.C. 4123.522, and ordering the commission to grant the requested relief.
 {¶ 2} We referred this matter to a magistrate pursuant to Civ. R. 53(C) and Loc. R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision, including findings of fact and conclusions of law, recommending that this court deny the requested writ. (Attached as Appendix A.) No objections to the magistrate's decision have been filed.
 {¶ 3} Finding no error on the face of the magistrate's decision, and based on our independent review, we adopt the magistrate's decision, including the findings of fact and conclusions of law contained in it, as our own. Accordingly, we deny the requested writ.
Writ of mandamus denied.
BRYANT and GREY, JJ., concur.
GREY, retired of the Fourth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 3 
 APPENDIX A MAGISTRATE'S DECISION {¶ 4} Relator, Patricia Ford, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio *Page 4 
("commission") to vacate its order which denied her request for relief pursuant to R.C. 4123.522 and ordering the commission to grant her that relief.
Findings of Fact: {¶ 5} 1. Relator sustained a work-related injury on September 10, 2003, and her claim was originally allowed for "sprain of right shoulder; contusion of thoracic back."
 {¶ 6} 2. On July 26, 2006, relator filed a C-86 motion requesting that her claim be allowed for the following additional conditions: "impingement syndrome, right shoulder; tendonitis, right shoulder."
 {¶ 7} 3. Relator's motion was heard before a district hearing officer ("DHO") on August 23, 2006. The DHO denied relator's motion based on the medical report of Dr. Finneran dated July 26, 2006, as well as his addendum report dated August 17, 2006. Dr. Finneran opined that the requested conditions were not a direct and proximate result of the industrial injury.
 {¶ 8} 4. Relator appealed and the matter was heard before a staff hearing officer ("SHO") on October 3, 2006. The SHO modified the prior DHO's order, yet still denied relator's request as follows:
 On 11/05/2003, approximately two months post-injury, Dr. Kemmler noted full range of motion in the right shoulder. Further, he found no tenderness over the AC Joint or over the subacromial space. He specifically stated that there was no pain on impingement testing, at that time. On 11/20/2003, Dr. Kemmler, again found full range of motion and no significant tenderness. Dr. Kemmler released the injured worker to full duty on 11/21/2003.
 The diagnosis of impingement and tendonitis arose some three years post-injury without any explanation as to how it is related to the original injury in this claim. A causal *Page 5 
connection is not found to exists [sic] in contemporaneous medical records. Dr. Finneran is found to be persuasive in his 07/25/2006 and 08/17/2006 reports that impingement and tendonitis are not related to the injury in this claim.
 {¶ 9} 5. Relator's further appeal from the SHO's order was refused by order of the commission mailed October 26, 2006.
 {¶ 10} 6. Relator did not file an appeal to the court of common pleas.
 {¶ 11} 7. On July 30, 2007, relator filed a motion seeking relief under R.C. 4123.522 so she could pursue the matter in the court of common pleas on the following grounds:
 To grant relief pursuant to Ohio Revised Code § 4123.522 as injured worker's counsel did not actually receive the record of proceedings dated 10/26/06 denying the additional allowance. Counsel for injured worker discovered the record of proceedings online and pursued a court appeal. However, case law requires actual receipt of the record of proceedings to pursue a court appeal.
 {¶ 12} Relator's attorney, Raymond M. Powell, submitted the following affidavit in support of the request for relief:
 * * * I am the attorney representing Patricia Ford in claim number 03-877387, as such I am entitled to receive Record of Proceedings pursuant to ORC § 4123.522.
 * * * On October 26, 2006, the Industrial Commission mailed a Record of Proceedings to my current address, however it was never received.
 {¶ 13} Relator also submitted an affidavit from a paralegal in Mr. Powell's office indicating that she had no recollection of receiving the order mailed October 26, 2006.
 {¶ 14} 8. A deposition of relator was taken on May 18, 2007. Relator was asked to identify various commission orders and answer whether or not she had received copies at her home. First, relator was shown a copy of the August 23, 2006 DHO's *Page 6 
order denying her request for additional allowances. Relator admitted that she had received the order. Further, counsel asked relator to check and be sure that the order had been sent to her proper home address. Relator responded that it was. Relator further indicated that she believed the address for her attorney was also correct. (Stipulation 16; Depo. 8-9.) Relator was next shown a copy of the October 3, 2006 SHO's order which also denied her request for additional allowances. Relator admitted that she had received the document, that she read the document, and that she was aware that her attorney prepared an appeal. Further, relator indicated that her address was correct. (Stipulation 17; Depo. 10-11.) Relator was next shown the commission order mailed October 26, 2006 which refused her appeal and again acknowledged that she had received the order and that it was sent to the right address. Relator testified that after she received the order, she called her attorney on the same day to ask him about its meaning. When asked if she understood she had a right to file an appeal, relator responded: "I called my attorney and found out that." (Stipulation 17-18; Depo 13-14.) Relator provided the following home address: "7979 Hoenie Road, which is H-O-E-N-I-E, Celina, Ohio, 45822." (Stipulation 15; Depo. 4.) All of the above orders are contained in the stipulation of evidence. It is indicated that each order was mailed to relator at the following address:
 Patricia R. Ford
 7979 Hoenie Rd
 Celina OH 45822-9431
 {¶ 15} 9. Relator's request for relief pursuant to R.C. 4123.522 was heard before an SHO on August 24, 2007 and was denied as follows:
 A copy of the Commission's findings mailed 10/26/2006, was properly mailed to the correct address of the injured worker *Page 7 
and to the correct address of the injured worker's representative.
 The injured worker's representative offers that they did not receive the order of 10/24/2006 from the Commission. The 08/03/2007 affidavit from Mr. Powell does not indicate that Mr. Powell was unaware of the actual information contained in the order. The deposition of the injured worker taken on 05/18/2007 on pages 12, 13, and 14, clearly indicate that the injured worker was in contact with her attorney on the day she received the order in question. Further, the testimony taken at deposition indicates that the injured worker gave her attorney actual knowledge of the information contained in the order of 10/24/2006.
 This Staff Hearing Officer finds that the injured worker's counsel had actual knowledge of the import of the information contained in the injured worker's deposition taken 05/18/2007 and the affidavit of Mr. Powell dated 08/03/2007, which did not indicate that he was unaware of the order.
 Therefore, based upon Ohio Revised Code Section 4123.522, the request for relief is DENIED.
 This order is based upon the injured worker's deposition on file from 05/18/2007; and Ohio Revised Code Section 4123.522.
(Emphasis sic.)
 {¶ 16} 10. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law: {¶ 17} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm.
(1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. *Page 8 Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
 {¶ 18} R.C. 4123.522 provides in pertinent part:
 The employee, employer, and their respective representatives are entitled to written notice of any * * * determination, order * * * or decision under this chapter and the administrator of workers' compensation and his representative are entitled to like notice[.] * * * An employee, employer, or the administrator is deemed not to have received notice until the notice is received from the industrial commission or its district or staff hearing officers, the administrator, or the bureau of workers' compensation by both the employee and his representative of record, both the employer and his representative of record, and by both the administrator and his representative.
 If any person to whom a notice is mailed fails to receive the notice and the commission, upon hearing, determines that the failure was due to cause beyond the control and without the fault or neglect of such person or his representative and that such person or his representative did not have actual knowledge of the import of the information contained in the notice, such person may take the action afforded to such person within twenty-one days after the receipt of the notice of such determination of the commission. Delivery of the notice to the address of the person or his representative is prima-facie evidence of receipt of the notice by the person.
(Emphasis added.)
 {¶ 19} In State ex rel. LTV Steel Co. v. Indus. Comm. (2000),88 Ohio St.3d 284, 286-287, the Supreme Court of Ohio stated: *Page 9 
 * * * [T]he party alleging the failure to receive notice must first prove that (1) the failure of notice was due to circumstances beyond the party's or the party's representative's control, (2) the failure of notice was not due to the party's or the party's representative's fault or neglect, and (3) neither the party nor the party's representative had prior actual knowledge of the information contained in the notice. Weiss v. Ferro Corp. (1989), 44 Ohio St.3d 178, 180. * * * Only if the commission makes these findings does the moving party become unconditionally entitled to what amounts to a second notice of a commission order. This second "reconstituted" notice actually comes from the commission upon the determination that the moving party has rebutted the mailbox-rule presumption and that it is the one from which the new twenty-one-day appeal time is activated. Thus, when the moving party sustains its burden of proof, the effect is that the party is not "deemed" to have received notice until the commission makes the determination that the party did not receive notice of the order initially and the party receives notice of this determination. Id. at 182-183[.] * * *
(Emphasis sic.)
 {¶ 20} In the present case, relator herself acknowledged that she received a copy of the commission's order mailed October 26, 2006 denying her further appeal. It is relator's representative, Mr. Powell, who avers that he did not receive a copy of that notice.
 {¶ 21} As R.C. 4123.522 states, both the employee and their representative are entitled to written notice. As such, the mere fact that relator received her copy does not resolve the issue because Mr. Powell was also entitled to written notice.
 {¶ 22} In order to meet his burden of proof, relator's counsel needed to demonstrate that "the failure was due to cause beyond the control and without the fault or neglect of such person or his representativeand that such person or his *Page 10 
representative did not have actual knowledge of the import of theinformation contained in the notice." R.C. 4123.522. (Emphasis added.)
 {¶ 23} In this mandamus action, relator argues: "Relator's counsel had actual knowledge, but the law requires actual notice." (Relator's brief, at 5; Emphasis sic.)
 {¶ 24} Relator's contention is inaccurate. Yes, counsel was entitled to receive written notice; however, relator argued that her attorney did not actually receive the notice. However, relator testified that, after she received her copy of the notice, she telephoned her attorney and found out her rights. Counsel explains that he himself was never informed about the information in the order as he never personally spoke to relator. As such, although relator's counsel claims he did not receive the actual notice itself, the evidence shows that, at the very least, an employee in his office had "actual knowledge of the import of the information contained in the notice." The commission had conflicting evidence before it.
 {¶ 25} In denying relator's request for relief under R.C. 4123.522, the SHO stated that the affidavit from Mr. Powell does not indicate that he was unaware of the actual information contained in the order. Further, the SHO found that relator's deposition clearly indicates that she was in contact with Mr. Powell's office on the day she received the order in question and that she provided him or his staff actual knowledge of the information contained in the order itself. As such, the SHO found that relator did not meet her burden of proof under R.C. 4123.522 and denied her request for relief. Based upon the evidence, this was not an abuse of discretion and relator is not entitled to a writ of mandamus. *Page 11 
 {¶ 26} Based on the foregoing, it is this magistrate's conclusion that relator has not demonstrated that she is entitled to relief and this court should deny her request for a writ of mandamus. *Page 1