[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 284.]

THE STATE EX REL. LTV STEEL COMPANY, APPELLANT, *v.* INDUSTRIAL

COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. LTV Steel Co. v. Indus. Comm.*, 2000-Ohio-328.]

*Workers' compensation—Court of appeals' denial of writ of mandamus ordering*

*Industrial Commission to vacate its decisions that denied relator's motion*

*for relief under R.C. 4123.522 affirmed.*

(No. 98-1714—Submitted February 22, 2000—Decided April 5, 2000.)

APPEAL from the Court of Appeals for Franklin County, No. 97APD06-859.

_____

{¶ 1} LTV Steel Company, appellant, seeks a writ of mandamus ordering appellee Industrial Commission of Ohio ("commission") to vacate its decisions that deny LTV Steel's motion for relief under R.C. 4123.522 (savings provision for a party's failure to receive notice of a commission order). The Court of Appeals for Franklin County found that the commission did not abuse its discretion and denied the writ. The court held that (1) R.C. 4123.522 precludes relief if the moving party had prior actual notice of the commission order, and (2) the commission had some evidence for concluding that LTV Steel had such knowledge of the order in this dispute. LTV Steel appeals as of right.

{¶ 2} Appellee Jesse Sheppard's workers' compensation claim was initially allowed for "acute cervical strain." Later, a commission district hearing officer ("DHO") allowed other additional conditions, and LTV Steel failed to timely appeal the DHO's order. LTV Steel requested permission to appeal out-of-time pursuant to the savings provision in R.C. 4123.522, alleging that it had not received written notice of the order as required by the statute. Sheppard acquiesced in this motion, and the Bureau of Workers' Compensation granted R.C. 4123.522 relief.

**{¶ 3}** On LTV Steel's belated appeal, a staff hearing officer ("SHO") affirmed the additional allowances granted by the DHO. LTV Steel appealed again, but on June 20, 1995, the commission refused the appeal. LTV Steel asserts that it also did not receive timely written notice of this order and, therefore, that it could not timely appeal to common pleas court under R.C. 4123.512.

**{¶ 4}** LTV Steel applied again for R.C. 4123.522 relief before the commission, this time alleging that it had no notice of the June 20, 1995 order until October 16, 1995, when it learned of the order independently of the commission's notice procedures. An SHO refused to give LTV Steel the benefit of the savings provision for a second time. The SHO found that Sheppard had provided LTV Steel actual notice of the commission's order on July 21, 1995, when he had given the June 20, 1995 order to his employer himself. The SHO relied on Sheppard's testimony to the effect that he had given the order to LTV Steel's workers' compensation administration, that the document had been stamped as received, and that a copy of the stamped order had been returned to him. Sheppard also submitted this document as evidence at the SHO hearing.

**{¶ 5}** LTV Steel moved for rehearing and reconsideration of the order denying R.C. 4123.522 relief. Along with its brief and other evidence, LTV Steel submitted the affidavit of its workers' compensation administrator, who swore that he had never received any order from Sheppard and had no notice of the June 20 1995 order before October 16, 1995. The commission denied rehearing and reconsideration, prompting LTV Steel to file this action in the court of appeals.

———————————

*Manos, Pappas & Stefanski Co., L.P.A., Leonard J. Pappas* and *James A. Neff,* for appellant.

*Betty D. Montgomery*, Attorney General, *Miltina Gavia* and *Craigg E. Gould*, Assistant Attorneys General, for appellee Industrial Commission.

*Sammon & Bolmeyer Co., L.P.A.,* and *David J. Briggs*, for appellee Sheppard.

_____

***Per Curiam.***

**{¶ 6}** R.C. 4123.522 provides:

"The employee, employer, and their respective representatives are entitled to written notice of any * * * determination, order * * * or decision under this chapter and the administrator of workers' compensation and his representative are entitled to like notice for * * * [R.C. 4123.511 DHO and SHO orders] and [R.C. 4123.512 right to participate appeals]. *An employee, employer, or the administrator is deemed not to have received notice until the notice is received from the industrial commission or its district or staff hearing officers, the administrator, or the bureau of workers' compensation by both the employee and his representative of record, both the employer and his representative of record, and by both the administrator and his representative.*

"*If any person to whom notice is mailed fails to receive the notice and the commission, upon hearing, determines that the failure was due to cause beyond the control and without the fault or neglect of such person or his representative and that such person or his representative did not have actual knowledge of the import of the information contained in the notice, such person may take the action afforded to such person within twenty-one days after receipt of the notice of such determination of the commission.* Delivery of the notice to the address of the person or his representative is prima-facie evidence of receipt of the notice by the person." (Emphasis added.)

**{¶ 7}** LTV Steel relies on the emphasized portion in the first paragraph of R.C. 4123.522, arguing that notice of an order, when not received *from the commission*, is no notice at all. The commission and Sheppard rely on the emphasis in the second paragraph to argue that LTV Steel has not rebutted the presumption

of notice receipt arising under the "mailbox rule." We agree with the court of appeals' reasoning and, therefore, affirm.

**{¶ 8}** Employers and their representatives are entitled to receive notice from the commission under R.C. 4123.522, but that right is not self-executing. As the court of appeals found, the party alleging the failure to receive notice must first prove that (1) the failure of notice was due to circumstances beyond the party's or the party's representative's control, (2) the failure of notice was not due to the party's or the party's representative's fault or neglect, and (3) neither the party nor the party's representative had prior actual knowledge of the information contained in the notice. *Weiss v. Ferro Corp.* (1989), 44 Ohio St.3d 178, 180, 542 N.E.2d 340, 342. Only if the commission makes these findings does the moving party become unconditionally entitled to what amounts to a *second* notice of a commission order. This second "reconstituted" notice actually comes *from the commission* upon the determination that the moving party has rebutted the mailbox-rule presumption and that it is the one from which the new twenty-one-day appeal time is activated. Thus, when the moving party sustains its burden of proof, the effect is that the party is not "deemed" to have received notice until the commission makes the determination that the party did not receive notice of the order initially and the party receives notice of this determination. *Id*. at 182-183, 542 N.E.2d at 343-344.

**{¶ 9}** The next question is whether LTV Steel sustained its burden of proof. Admittedly, some evidence in this record suggests that Sheppard might have fabricated the stamped order that the commission cited as evidence of LTV Steel's actual knowledge prior to October 16, 1995. On the other hand, Sheppard explained that he had taken the order to his employer because LTV Steel had previously alleged a failure of notice, and the commission evidently believed his explanation.

{¶ 10} The commission is the exclusive evaluator of weight and credibility, and as long as some evidence supports the commission's decision, reviewing courts must defer to its judgment. *State ex rel. Pass v. C.S.T. Extraction Co*. (1996), 74 Ohio St.3d 373, 376, 658 N.E.2d 1055, 1058. Here, the commission credited Sheppard's evidence, which is all that is necessary to sustain its decision. *State ex rel. Burley v. Coil Packing*, Inc. (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936. Accordingly, the court of appeals properly found no abuse of discretion and denied a writ of mandamus to vacate the commission's denial of R.C. 4123.522 relief.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————