THE STATE EX REL. KROGER COMPANY, APPELLANT,
v. PAYSEN ET AL., APPELLEES.

[Cite as *State ex rel. Kroger Co. v. Paysen,*
109 Ohio St.3d 515, 2006-Ohio-3057.]

(No. 2005–1582—Submitted May 24, 2006—Decided July 5, 2006.)

———————

**Per Curiam.**

{¶ 1} We are asked to consider whether a claimant's refusal of a job offer bars compensation for permanent and total disability when her physician has stated that she cannot perform sustained remunerative work. We hold that it does not.

{¶ 2} Appellee Anne B. Paysen has two allowed workers' compensation claims for injuries sustained while working for appellant Kroger Company. The 1991 claim was allowed for cervical sprain and thoracic sprain. The 1992 claim was

originally allowed for bilateral carpal tunnel syndrome, bilateral cubital tunnel syndrome, reflex sympathetic dystrophy of both wrists, and depressive disorder.

{¶ 3} A 1999 application for compensation for permanent total disability was denied by appellee Industrial Commission of Ohio. At some point thereafter, "panic disorder" was additionally allowed in her claim. In 2003, Paysen reapplied for permanent total disability compensation. Among the medical evidence submitted was the report of treating psychologist Jane E. Cottrell, who stated that Paysen's psychological conditions rendered her incapable of "work of any kind, however sedentary or lacking in stress that work may be." Based in part on that report, permanent total disability compensation was granted on May 27, 2004.

{¶ 4} Kroger filed a claim in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in awarding permanent total disability compensation. In addition to challenging the evidence on which the commission relied, it asserted that it had extended a light-duty job offer to Paysen in 1999 and had never revoked that offer. Because Paysen refused to attempt the job, Kroger argued that she was ineligible for permanent total disability compensation. The court of appeals disagreed and denied the writ, prompting Kroger's appeal to this court as of right.

{¶ 5} Neither of Kroger's two challenges to Paysen's permanent total disability award has merit. First, the job offer was not shown to be consistent with all of the claimant's allowed conditions. In any event, when an attending physician has told his or her patient that the patient cannot do sustained remunerative work, that patient is not disqualified from permanent total disability compensation by relying on the doctor's advice in refusing to attempt a job offered by the employer. Second, contrary to Kroger's representation, there is no evidentiary infirmity in the reports of Dr. Cottrell and Dr. Ralph Rohner, which indeed serve as evidence supporting the commission's decision.

{¶ 6} The judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

Porter, Wright, Morris & Arthur, L.L.P., and Karl J. Sutter, for appellant.

Agee, Clymer, Mitchell & Laret and C. Russell Canestraro, for appellee Anne Paysen.

Jim Petro, Attorney General, and Lasheyl N. Sowell, Assistant Attorney General, for appellee Industrial Commission of Ohio.