THE STATE EX REL. WFAL CONSTRUCTION, APPELLANT,
*v.* BUEHRER, ADMR., APPELLEE.

[Cite as *State ex rel. WFAL Constr. v. Buehrer,*
144 Ohio St.3d 21, 2015-Ohio-2305.]

(No. 2014–0050—Submitted February 3, 2015—Decided June 16, 2015.)

Per Curiam.

{¶ 1} This appeal involves the results of an audit of appellant, WFAL Construction, by appellee, Steve Buehrer, Administrator of the Bureau of Workers' Compensation. The audit was conducted to determine whether WFAL, during calendar year 2009, was required to report its payroll to the bureau for purposes of setting and collecting a premium to be paid to the bureau for workers' compensation coverage. *See* R.C. 4121.41(B). If WFAL's workers were employees, WFAL owed the premium as an "employer" subject to the Workers' Compensation Act. R.C. 4123.35(A). If, as WFAL claimed, its workers were independent contractors, WFAL was not an employer, and no premium was owed.

{¶ 2} The bureau concluded from the audit that those working for WFAL in 2009 were employees, not independent contractors. Because WFAL had not reported payroll for employees for that year, the bureau determined that WFAL owed back premiums.

{¶ 3} WFAL filed a protest of the audit findings. An adjudicating committee of the bureau denied the protest, and the administrator's designee affirmed the decision. WFAL filed this action for mandamus relief in the Tenth Appellate District. The court of appeals concluded that the bureau appropriately found that WFAL met the statutory criteria to support its decision that WFAL's workers were employees.

{¶ 4} For the reasons that follow, we affirm.

{¶ 5} Gary Buyer owns WFAL, a sole proprietorship. In 2009, WFAL contracted with Ohio Fresh Eggs to repair some storm-damaged barns. WFAL provided the labor, and Ohio Fresh Eggs supplied the materials for the job.

{¶ 6} In 2010, Penny J. Young, an auditor for the bureau, conducted an audit of WFAL for the year 2009. R.C. 4123.01(A)(1)(c) lists 20 factors for determining whether a person working pursuant to a construction contract is an "employee" for purposes of workers' compensation; if ten of those criteria are satisfied, the worker is an employee. *Id.* Young determined that 15 criteria applied to WFAL's workers. Thus, the persons Buyer hired to perform the work for Ohio Fresh Eggs were employees, not independent contractors. WFAL had not reported payroll for those employees.

{¶ 7} WFAL filed a protest of the audit findings, maintaining that the workers were independent contractors. In support, WFAL argued that the bureau had conducted an audit in 1999 and the IRS had also audited it and those audits did not find that the workers were employees.

{¶ 8} Following a hearing, the bureau's adjudicating committee determined that the evidence established the following factors demonstrating an employee/employer relationship:

> 1.) The individuals were required to comply with instruction from either the owner or an onsite lead carpenter; 2) the services provided by these workers are integrated into the regular functioning of this employer as they do all of the work; 3) the named persons on the various timesheets and logs performed the work personally; 4) the individuals were paid by the employer; 5) records that were available to the auditor showed that the same workers performed work repeatedly for the employer; 6) the individuals were paid for the specific number of hours worked on a weekly basis; 7) as the employer had a supervisor or foreman on the worksite if

he was not present himself, the Committee finds that the order of work was determined by the employer; 8) given the hourly payments, the workers would not realize a profit or loss as a result of the services provided; 9) the employer has the right to discharge any of these individuals; and 10) there is no indication that any of the individuals would incur liability if the relationship ended.

In addition, the committee noted that two workers' compensation claims had been allowed against WFAL in 2009 and 2010. Those claimants were "employees" for workers' compensation purposes. Thus, the committee denied the protest and upheld the audit findings.

{¶ 9} WFAL filed an administrative appeal under R.C. 4123.291(B). Following a hearing, the administrator's designee affirmed the order of the adjudicating committee.

{¶ 10} WFAL filed a complaint for a writ of mandamus. The court of appeals determined that there was evidence supporting the order of the administrator's designee denying WFAL's protest of the audit findings. The court denied the writ.

{¶ 11} This matter is before the court on WFAL's appeal of right.

{¶ 12} To be entitled to an extraordinary remedy in mandamus, the relator must demonstrate that the administrative body abused its discretion by entering an order not supported by any evidence in the record. *State ex rel. Avalon Precision Casting Co. v. Indus. Comm.*, 109 Ohio St.3d 237, 2006-Ohio-2287, 846 N.E.2d 1245, ¶ 9. The relator must make that demonstration by clear and convincing evidence. *State ex rel. Doner v. Zody*, 130 Ohio St.3d 446, 2011-Ohio-6117, 958 N.E.2d 1235, ¶ 57.

{¶ 13} The commission is the exclusive evaluator of the weight and credibility of the evidence. *State ex rel. LTV Steel Co. v. Indus. Comm.*, 88 Ohio St.3d 284, 287, 725 N.E.2d 639 (2000). When an order is adequately explained and based on some evidence, even if other evidence of record may contradict it, there is no abuse of discretion, and a reviewing court must not disturb the order. *State ex rel. Mobley v. Indus. Comm.*, 78 Ohio St.3d 579, 584, 679 N.E.2d 300 (1997). Thus, the issue before us is whether the bureau's order was supported by evidence in the record.

{¶ 14} R.C. 4123.01(A)(1)(c) provides that every person who performs labor or provides services pursuant to a construction contract, as defined in R.C. 4123.79, is an employee for purposes of workers' compensation, if the individual meets at least ten of the 20 enumerated statutory criteria. WFAL concedes that it met two of the criteria: it paid the workers and retained the right to discharge them.

{¶ 15} WFAL disagrees that the evidence supports the other criteria identified by the bureau. In particular, WFAL contests the bureau's findings as to criteria nos. 1, 2, 6, 7, and 8. In addition, WFAL argues that without evidence of new and changed circumstances, the bureau is prohibited by collateral estoppel from reversing the position it took in the 1999 audit, which found no employment relationship. WFAL's arguments lack merit.

## A. The Bureau's Findings of Fact Are Supported by the Evidence

{¶ 16} The bureau's findings of fact nos. 1 and 7 involve the person or persons who controlled the work performed at the site. WFAL argues that it was not Buyer, but rather Paul Hendershot, the on-site supervisor for Ohio Fresh Eggs, who directed and controlled the work performed.

{¶ 17} At the hearing, auditor Young stated that the workers followed instructions on a work order given to Buyer. In addition, Buyer stated that both he and Hendershot gave instructions to the WFAL workers. Thus, we find that the evidence in the record supports the administrator's determination that Buyer, in addition to Hendershot, instructed the workers and determined the order of the work.

{¶ 18} The bureau's finding of fact no. 2 involves whether the workers' services were integrated into the regular functioning of the employer. WFAL contends that Buyer's statement at the hearing that he used job-specific workers on an as-needed basis demonstrated that their work was not integrated into the regular functioning of WFAL.

{¶ 19} According to the auditor, because WFAL contracted to provide the labor and do carpentry and related work, the workers' services were integrated into the regular functioning of WFAL Construction. At the hearing, auditor Young stated that "WFAL was given a work order, which the people were supposed to follow in order to get that barn ready for the next project, so the services are integrated into the regular function of the business."

{¶ 20} The bureau relied on the evidence provided by Young that the labor performed by the workers was integrated into the regular functioning of WFAL. The appellate court determined that "[i]t is undisputed that the workers at issue performed the vast majority of the construction work for [Buyer's] business during the audit year in question." The court found that Buyer's explanation at the hearing was not responsive to the issue. We agree that the evidence in the record supports the administrator's finding of fact no. 2.

{¶ 21} The bureau's finding of fact no. 6 stated that the workers were paid on a weekly basis for the hours worked. The auditor stated at the hearing that WFAL paid workers every week based on timesheets, not invoices, and although Buyer may have contracted with some workers, he conceded at the hearing that

he paid on a weekly basis. This constituted some evidence to support the administrator's finding that WFAL paid for a specific number of hours worked on a weekly basis.

{¶ 22} Finally, WFAL argues that the bureau presented no evidence to support finding of fact no. 8 that, given the hourly payments, the workers would not realize a profit or loss as a result of their services. WFAL relies on Buyer's explanation at the hearing that if a worker underbid a job and the work cost him more than the bid, then the worker would suffer a loss, whereas a worker may make a profit if he got the job done ahead of schedule.

{¶ 23} There is no evidence of any such contracts between WFAL and its workers. Instead, the evidence established that WFAL paid the workers weekly for the hours worked. Under those circumstances, the workers were not at risk for a financial loss. Therefore, there was some evidence to support the administrator's finding.

## B. There Is No Evidence to Support Collateral Estoppel

{¶ 24} Collateral estoppel prevents the same parties from relitigating facts and issues that were fully litigated in a prior action. *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 120 Ohio St.3d 386, 2008-Ohio-6254, 899 N.E.2d 975, ¶ 27. Collateral estoppel also applies in administrative proceedings. *State ex rel. Kincaid v. Allen Refractories Co.*, 114 Ohio St.3d 129, 2007-Ohio-3758, 870 N.E.2d 701, ¶ 8.

{¶ 25} WFAL asserts that the bureau is estopped from concluding that the workers were WFAL employees because the issue was resolved in the 1999 audit in WFAL's favor. Although WFAL alluded to collateral estoppel in its complaint and mentioned it in its brief before the court of appeals, WFAL did not present any evidence to support the application of the doctrine, nor did it offer anything other than a conclusory statement that the 1999 audit precluded the bureau from finding an employment relationship in 2009. Consequently, WFAL did not establish the necessary elements for collateral estoppel.

## C. Conclusion

{¶ 26} There was evidence supporting the administrator's decision that the workers on the WFAL construction project were employees. The bureau accepted the audit findings and also relied on two workers' compensation claims filed in 2009 and 2010 in which WFAL was considered the employer.

{¶ 27} Although WFAL produced a limited number of documents pertaining to the 1999 audit, those documents did not establish any of the similarities necessary for collateral estoppel to apply. WFAL also produced certificates of workers' compensation coverage from some of its workers, but the certificates were

irrelevant because they applied to 2011 and 2012, after the audit period. The result is that WFAL failed to demonstrate that the bureau's decision was an abuse of discretion.

{¶ 28} We affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

William W. Johnston, for appellant.

Michael DeWine, Attorney General, and John Smart, Assistant Attorney General, for appellee.