**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. McKee v. Union Metal Corp.,* Slip Opinion No. 2017-Ohio-5541.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-5541

THE STATE EX REL. MCKEE, APPELLANT, *v.* UNION METAL CORPORATION

ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. McKee v. Union Metal Corp.,* Slip Opinion No. 2017-Ohio-5541.]**

*Workers' compensation—Permanent total disability—Voluntary abandonment of workforce—Denial of writ of mandamus affirmed.*

(No. 2016-0509—Submitted April 4, 2017—Decided June 29, 2017.)

APPEAL from the Court of Appeals for Franklin County, No. 15AP-414, 2016-Ohio-1236.

_____

**Per Curiam.**

{¶ 1} Appellant, Stephen McKee, appeals the judgment of the Tenth District Court of Appeals denying his request for a writ of mandamus that would compel appellee the Industrial Commission to award him compensation for permanent total disability resulting from his workplace injury.  The court of appeals

concluded that the evidence supported the commission's decision that McKee was not eligible for benefits because he had voluntarily abandoned the workforce for reasons unrelated to his workplace injury.

{¶ 2} For the reason that follow, we affirm the judgment of the court of appeals.

{¶ 3} On March 10, 1993, McKee was injured in the course and scope of his employment as an auto welder with appellee Union Metal Corporation. His workers' compensation claim was allowed for cervical sprain/strain, focal spinal stenosis due to marked degenerative disc bulge and spur formation, and neurotic depression.

{¶ 4} McKee applied for temporary-total-disability compensation on two occasions. The commission denied both requests on the basis that McKee had voluntarily abandoned his employment with Union Metal in late 1995.

{¶ 5} McKee filed his first application for permanent-total-disability compensation in 1999. In 2000, a staff hearing officer concluded that McKee's disability was not total and denied his request for benefits based on medical reports from two physicians and a vocational assessment in the record, all of which indicated that McKee was capable of performing entry-level work.

{¶ 6} Fourteen years later, McKee filed a second application. A staff hearing officer acknowledged the commission's previous finding that McKee had voluntarily abandoned his employment with Union Metal and noted that the record contained no evidence that McKee had been employed after December 1995. The hearing officer further noted that McKee's application stated that he last worked for Union Metal in March 1998 and that he then began receiving Social Security disability benefits.

{¶ 7} The staff hearing officer, relying on the prior order denying permanent-total-disability status in 2000, the lack of evidence that McKee had worked or even looked for work since 1998, and the fact that McKee was receiving

Social Security disability benefits, concluded that McKee had voluntarily abandoned the workforce and effectively retired for reasons other than the allowed conditions in his workers' compensation claim. Thus, the hearing officer determined that McKee was not eligible for permanent-total-disability benefits.

{¶ 8} McKee filed a complaint in the Tenth District Court of Appeals asking that court to issue a writ of mandamus compelling the commission to find that he is eligible for permanent-total-disability benefits. McKee alleged that the evidence established that his retirement was not voluntary but was induced by the injuries in his claim. The court of appeals denied the writ. This matter is before the court on McKee's direct appeal.

{¶ 9} Permanent total disability is "the inability to perform sustained remunerative employment" as a result of the allowed conditions in the claim. Ohio Adm.Code 4121-3-34(B)(1); *accord State ex rel. Nissan Brake Ohio, Inc. v. Indus. Comm.*, 127 Ohio St.3d 385, 2010-Ohio-6135, 939 N.E.2d 1242, ¶ 12. The burden is on the claimant to establish that the disability is permanent and that the inability to work is causally related to the allowed conditions. Ohio Adm.Code 4121-3-34(D)(3)(a); *accord State ex rel. LTV Steel Co. v. Indus. Comm.*, 65 Ohio St.3d 22, 23, 599 N.E.2d 265 (1992).

{¶ 10} A claimant's eligibility for permanent-total-disability compensation may be affected if the claimant has voluntarily retired or abandoned the workforce for reasons not related to the industrial injury. *State ex rel. Black v. Indus. Comm.*, 137 Ohio St.3d 75, 2013-Ohio-4550, 997 N.E.2d 536, ¶ 14. This is a factual question for the commission to determine. *Id.* at ¶ 18. In making that determination, the commission may consider a claimant's inaction after leaving a job as evidence that the claimant voluntarily decided to no longer be actively employed. *State ex rel. Pierron v. Indus. Comm.*, 120 Ohio St.3d 40, 2008-Ohio-5245, 896 N.E.2d 140, ¶ 11. The commission is exclusively responsible for

evaluating the weight and credibility of the evidence. *State ex rel. Burley v. Coil Packing, Inc*., 31 Ohio St.3d 18, 20-21, 508 N.E.2d 936 (1987).

{¶ 11} To be entitled to extraordinary relief in mandamus, McKee must establish that he had a clear legal right to the relief requested and that the commission had a clear legal duty to provide it. *State ex rel. Rouch v. Eagle Tool & Machine Co*., 26 Ohio St.3d 197, 198, 498 N.E.2d 464 (1986). This requires McKee to demonstrate that the commission abused its discretion by entering an order not supported by some evidence in the record. *State ex rel. Avalon Precision Casting Co. v. Indus. Comm*., 109 Ohio St.3d 237, 2006-Ohio-2287, 846 N.E.2d 1245, ¶ 9. Thus, we must determine whether the commission's order denying permanent-total-disability compensation was supported by evidence in the record showing that McKee had voluntarily abandoned the workforce and was not eligible for benefits.

{¶ 12} The commission's finding that McKee voluntarily withdrew from the workforce in 1998 was supported by some evidence in the record: the commission's 2000 finding—based on two medical reports and a vocational assessment—that McKee retained the capacity to perform sustained remunerative employment, which McKee never appealed; the absence of evidence that he had worked, had been unable to find work, or had attempted vocational retraining since 1998. Such inaction may be considered a voluntary abandonment of the workforce. *See State ex rel. Roxbury v. Indus. Comm*., 138 Ohio St.3d 91, 2014-Ohio-84, 3 N.E.3d 1190, ¶ 13.

{¶ 13} McKee maintains that he did not voluntarily abandon the workforce but that he stopped working in 1998 on the advice of his physician and psychologist. McKee argues, citing *State ex rel. Kroger Co. v. Paysen*, 109 Ohio St.3d 515, 2006-Ohio-3057, 849 N.E.2d 289, that an injured worker has an absolute right to rely on the advice of his physician regarding his ability to engage in gainful employment. Thus, he argues, he remains eligible for permanent-total-disability benefits.

**{¶ 14}** McKee's argument fails. The two medical reports that McKee submitted for purposes of establishing permanent disability in the initial proceeding in 2000 did not advise him that he must stop working. In addition, *Paysen* does not support McKee's position. *Paysen* involved a claimant who was awarded permanent-total-disability compensation after she refused to accept a light-duty job offered by her employer. This court stated that the job offer was not consistent with the claimant's allowed conditions, and thus, she was not disqualified from permanent-total-disability compensation for refusing the job offer that was contrary to her physician's advice. *Id.* at ¶ 5. These factual distinctions do not appear in McKee's case.

**{¶ 15}** Because the commission's order was supported by evidence in the record, the court of appeals correctly determined that the commission did not abuse its discretion and that mandamus is not appropriate. We affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

––––––––––––––––––

The Mikulka Law Firm, L.L.C., and Angela J. Mikulka, for appellant.

Michael DeWine, Attorney General, and Amanda B. Brown, Assistant Attorney General, for appellee Industrial Commission.

––––––––––––––––––