[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Bonnlander v. Hamon*, Slip Opinion No. 2020-Ohio-4269.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-4269

THE STATE EX REL. BONNLANDER, APPELLANT, *v*. HAMON ET AL.,
APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Bonnlander v. Hamon*, Slip Opinion No. 2020-Ohio-4269.]

*Workers' compensation—Whether a claimant has voluntarily retired or has abandoned the workforce is a question of fact for the Industrial Commission to determine—A court must uphold a factual determination by the commission so long as it is supported by some evidence in the record, regardless of whether evidence supporting a contrary conclusion also exists, even if the contrary evidence is greater in quality or quantity—Court of appeals' judgment affirmed.*

(No. 2019-1386—Submitted August 4, 2020—Decided September 2, 2020.)

APPEAL from the Court of Appeals for Franklin County, No. 18AP-501,
2019-Ohio-3861.

_____

**Per Curiam.**

{¶ 1} Appellee Industrial Commission denied the request of appellant, Timothy Bonnlander, for permanent-total-disability ("PTD") compensation, because the commission found that Bonnlander had voluntarily abandoned the workforce. Bonnlander asked the Tenth District Court of Appeals for a writ of mandamus ordering the commission to vacate its decision and grant his request. The Tenth District denied the writ because it found that the commission's decision was supported by evidence in the record. Bonnlander appealed. We affirm the Tenth District's judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} Bonnlander sustained severe injuries in a work-related vehicle accident in 1992. His workers' compensation claim was allowed for physical and psychological conditions. Bonnlander worked as a laborer and construction worker from 1994 through 2000. He worked for the United States Postal Service from 2000 through 2009, first as a mail carrier and then as a custodian. He has not worked since 2009.

{¶ 3} In February 2014, Bonnlander applied for PTD compensation. The commission denied that request in September 2014, finding that he could perform sedentary work for up to four hours a day. In its order, the commission noted that Bonnlander's failure to pursue vocational rehabilitation had reflected negatively on his application. In October 2014, Bonnlander sought a writ of mandamus from the Tenth District vacating the commission's order. *See State ex rel. Bonnlander v. Hamon*, 10th Dist. Franklin No. 14AP-855, 2015-Ohio-4038, ¶ 30.

{¶ 4} In the meantime, he also requested vocational-rehabilitation services. The commission granted that request in February 2015. The vocational-rehabilitation case manager ("VRCM") gathered information, but some of what she sought was unavailable: Bonnlander's treating psychologist did not respond to multiple requests about Bonnlander's return-to-work outlook or his psychological

2

restrictions, and the managed-care organization handling Bonnlander's case denied the VRCM's requests for additional neurological, psychological, and physical evaluations.

{¶ 5} The VRCM therefore considered a May 2014 psychological report by an independent medical examiner, Dr. Debjani Sinha, who opined that Bonnlander could work part-time, up to four hours a day, with accommodations, and a January 2015 application for wage-loss compensation in which Bonnlander's treating physician stated that he had the physical ability to perform sedentary work, up to eight hours a day, with standing and walking for up to one hour.

{¶ 6} The VRCM also "heavily" considered Bonnlander's own statement that he suffered from memory issues that he believed would impede his ability to return to work. She ultimately concluded:

> Without the benefit of reconditioning, or a Neuro-Psychological evaluation, and in just relying on [Bonnlander's] presentation, pain levels, and applicable physical and psychological restrictions, this VRCM has no confidence he would be able to actively participate in vocational rehab or [be] employable in a competitive labor market. It is therefore the VRCM [sic] opinion, that without increased psychological, physical, and cognitive functional abilities, he is not feasible for vocational rehabilitation or return to work.

Bonnlander's rehabilitation file was closed in March 2015 "due to medical instability."

{¶ 7} In September 2015, the Tenth District denied Bonnlander's 2014 request for a writ of mandamus. *Bonnlander*, 2015-Ohio-4038, at ¶ 8. Bonnlander appealed, and in May 2017, this court unanimously affirmed the Tenth District's

judgment, holding that "[i]t was within the commission's discretion to rely on Dr. Sinha's report as evidence to support the conclusion that Bonnlander was capable of up to four hours of sedentary work a day." *State ex rel. Bonnlander v. Hamon*, 150 Ohio St.3d 567, 2017-Ohio-4003, 84 N.E.3d 1004, ¶ 20-21.

{¶ 8} On October 12, 2017, Bonnlander submitted a new application for PTD compensation. A staff hearing officer ("SHO") found that Bonnlander's psychological and orthopedic conditions both independently rendered him incapable of working and issued a "tentative order" awarding Bonnlander compensation effective September 20, 2017. The SHO based this conclusion on medical opinions rendered in late 2017. The Bureau of Workers' Compensation objected to the tentative order, and a different SHO vacated it, finding that the order was inappropriate because there was a legal dispute over the issue of PTD.

{¶ 9} In May 2018, a third SHO denied Bonnlander's request for PTD compensation, based on a finding that Bonnlander had voluntarily abandoned the workforce. The SHO found that (1) this court had upheld the commission's 2014 order denying PTD on the grounds that Bonnlander could work part-time, (2) Bonnlander had last worked in late 2008 or early 2009, (3) Bonnlander is receiving federal disability benefits arising from his employment at the post office as well as social-security-disability benefits and Bonnlander had testified that he did not believe that he could receive federal disability benefits if he was working, (4) Bonnlander had not looked for work for several years, at least since September 11, 2014 (the date of the hearing on his 2014 PTD-compensation application), (5) the VRCM "was without an accurate assessment of [Bonnlander's] cognitive function," and (6) Bonnlander's "pursuit of vocational rehabilitation over roughly a three week period" was not sufficient to establish "a meaningful effort in pursuing all reasonable avenues of accomplishing a return to sustained remunerative employment albeit on a part-time basis." The commission rejected Bonnlander's request for reconsideration of the SHO's decision.

4

{¶ 10} In June 2018, Bonnlander filed the instant action in the Tenth District, seeking a writ of mandamus ordering the commission to vacate its order and grant his application for PTD compensation. The magistrate found that the commission's determination that Bonnlander made an insufficient effort at rehabilitation was an abuse of discretion and recommended that the court grant the writ. 2019-Ohio-3861, ¶ 48-50.

{¶ 11} However, the Tenth District sustained the commission's objections to the magistrate's recommendation and denied the writ. *Id*. at ¶ 13, 25-26. The court of appeals explained that "the SHO's finding on relator's effort at vocational rehabilitation was only one consideration among many used to support the SHO's decision to deny PTD compensation," *id*. at ¶ 17, and that other evidence in the record supported the decision that Bonnlander had voluntarily abandoned the workforce, *id*. at ¶ 21. Specifically, the court of appeals pointed to (1) Bonnlander's testimony that he believed working could result in the loss of his federal disability benefits, *id*., and (2) his failure to work or to seek work after the commission found him capable of sustained remunerative employment in September 2014, *id*. at ¶ 22.

{¶ 12} The court of appeals acknowledged that Bonnlander had pursued vocational rehabilitation in 2015, but it pointed out that the commission's September 2014 determination that he could work part-time was not conditioned on his undergoing vocational rehabilitation, so the vocational-rehabilitation determination was irrelevant. *Id*. at ¶ 23. In any event, the Tenth District explained that because Bonnlander's testimony and inaction constitutes some evidence that he voluntarily abandoned the workforce, the existence of contrary evidence is immaterial and the commission did not abuse its discretion when it denied Bonnlander PTD compensation. *Id*. at ¶ 24.

## II. ANALYSIS

### A. *Mandamus Standard*

{¶ 13} Mandamus relief is appropriate only if the relator establishes "a clear legal right to the relief requested, a clear legal duty on the part of the commission * * * to provide the relief, and the lack of an adequate remedy in the ordinary course of the law." *State ex rel. Baker v. Indus. Comm.*, 143 Ohio St.3d 56, 2015-Ohio-1191, 34 N.E.3d 104, ¶ 12. In matters before it, the commission is the exclusive evaluator of the weight and credibility of the evidence. *State ex rel. LTV Steel Co. v. Indus. Comm.*, 88 Ohio St.3d 284, 287, 725 N.E.2d 639 (2000). Therefore, "[t]o be entitled to an extraordinary remedy in mandamus, the relator must demonstrate that the [commission] abused its discretion by entering an order not supported by any evidence in the record." *State ex rel. WFAL Constr. v. Buehrer*, 144 Ohio St.3d 21, 2015-Ohio-2305, 40 N.E.3d 1079, ¶ 12. The relator must make that showing by clear and convincing evidence. *Id.*

### B. *The Commission's Decision Was Supported by Some Evidence*

{¶ 14} " 'Permanent total disability' means the inability to perform sustained remunerative employment due to the allowed conditions in the claim." Ohio Adm.Code 4121-3-34(B)(1). PTD compensation is not available to an injured worker who has voluntarily abandoned the workforce for reasons unrelated to his allowed conditions. R.C. 4123.58(D)(3); Ohio Adm.Code 4121-3-34(D)(1)(d); *see also State ex rel. Black v. Indus. Comm.*, 137 Ohio St.3d 75, 2013-Ohio-4550, 997 N.E.2d 536, ¶ 14.

{¶ 15} "Whether a claimant has voluntarily retired or has abandoned the workforce is a question of fact for the commission to determine." *Id.* at ¶ 18. And a court must uphold a factual determination by the commission so long as it is supported by some evidence in the record, regardless of whether evidence supporting a contrary conclusion also exists, even if the contrary evidence is greater

in quality or quantity. *State ex rel. Vonderheide v. Multi-Color Corp.*, 156 Ohio St.3d 403, 2019-Ohio-1270, 128 N.E.3d 188, ¶ 14.

{¶ 16} In his first proposition of law, Bonnlander argues that the commission abused its discretion by considering his failure to participate in vocational rehabilitation. This argument is based on two premises. First, Bonnlander asserts that after the commission's September 2014 determination that he could work four hours a day, his allowed medical conditions deteriorated to the point that he became permanently and totally disabled, as evidenced by the March 2015 determination that he was not a feasible candidate for vocational rehabilitation and by medical opinions from November 2015 and late 2017. Second, he asserts that the commission is not required to consider a claimant's failure to participate in vocational rehabilitation when a finding of permanent and total disability is based solely on medical factors. In support of this assertion, Bonnlander cites *State ex rel. R & L Carriers Shared Servs., L.L.C. v. Indus. Comm.*, 151 Ohio St.3d 568, 2017-Ohio-5833, 91 N.E.3d 711, *State ex rel. Heinen's, Inc. v. Indus. Comm.*, 10th Dist. Franklin No. 18AP-635, 2019-Ohio-4690, and *State ex rel. Tradesman Internatl. v. Indus. Comm.*, 10th Dist. Franklin No. 13AP-122, 2014-Ohio-1064, *aff'd sub nom. State ex rel. Tradesmen Internatl. v. Indus. Comm.*, 143 Ohio St.3d 336, 2015-Ohio-2342, 37 N.E.3d 1203.

{¶ 17} We reject Bonnlander's first proposition of law. His reliance on medical evidence from 2015 and 2017 overlooks the fact that the evidence the commission relied on in making its finding of voluntary abandonment dated from 2014 at the latest. And an injured worker who voluntarily abandons the workforce for reasons unrelated to the allowed conditions *prior to* becoming permanently and totally disabled is not entitled to PTD compensation. *State ex rel. Baker Material Handling Corp. v. Indus. Comm.*, 69 Ohio St.3d 202, 631 N.E.2d 138 (1994), paragraph two of the syllabus.

{¶ 18} Moreover, the cases Bonnlander relies on are inapplicable. They *permit* the commission to award PTD compensation based solely on medical factors without considering the claimant's failure to participate in vocational rehabilitation, but they do not *require* the commission to ignore a failure to participate in vocational rehabilitation when making a finding of voluntary abandonment. *R & L Carriers* at ¶ 18 ("Although the commission may consider a claimant's nonparticipation in reeducation or retraining in its analysis of an injured worker's nonmedical disability factors, * * * when permanent total disability is based solely on the claimant's medical impairment, the commission is *not required* to consider nonmedical disability factors * * *" [emphasis added]); *Tradesman Internatl.*, 2014-Ohio-1064, at ¶ 18 ("Where * * * medical factors alone preclude sustained remunerative employment, * * * a consideration of the nonmedical factors, including whether [the] claimant had or should have pursued vocational rehabilitation, [is] *unnecessary*" [emphasis added]); *Heinen's* at ¶ 12 (same).

{¶ 19} In his second proposition of law, Bonnlander argues that because he sought vocational rehabilitation but was found to be a nonfeasible candidate, the commission abused its discretion by finding that he voluntarily abandoned his employment. He further asserts that the commission's decision is not supported by any evidence in the record.

{¶ 20} We reject Bonnlander's second proposition of law and conclude, as did the Tenth District, that some evidence in the record supports the commission's finding that Bonnlander voluntarily abandoned the workforce. *See* 2019-Ohio-3861 at ¶ 21-22.

{¶ 21} Specifically, the third SHO in this case found that Bonnlander testified that he was receiving federal disability benefits arising from his former employment with the post office and that he believed he could not receive those benefits if he was working. In addition, the third SHO found that Bonnlander failed to work or seek work after the commission found him capable of sustained

8

remunerative employment in September 2014; in fact, he has not worked since 2009 and has not sought work since at least September 11, 2014. "[T]he commission may consider a claimant's inaction after leaving a job as evidence that the claimant voluntarily decided to no longer be actively employed." *State ex rel. McKee v. Union Metal Corp.*, 150 Ohio St.3d 223, 2017-Ohio-5541, 80 N.E.3d 491, ¶ 10.

{¶ 22} It is true that Bonnlander sought vocational rehabilitation. But while the commission's 2014 order denying PTD compensation noted that his failure to have pursued vocational rehabilitation "to improve his prospects for returning to the workforce" was a negative factor with respect to his PTD-compensation application, the commission's determination that Bonnlander could work four hours a day was not conditioned on his completion of vocational rehabilitation.

{¶ 23} Moreover, although Bonnlander's pursuit of vocational rehabilitation and the VRCM's finding that he was not a feasible candidate for rehabilitation services may constitute evidence supporting a conclusion that Bonnlander did not voluntarily abandon the workforce, the commission is entitled to determine the appropriate weight and credibility of that evidence. *LTV Steel*, 88 Ohio St.3d at 287, 725 N.E.2d 639. And the third SHO found that the VRCM "was without an accurate assessment of [Bonnlander's] cognitive function."

{¶ 24} In any event, the mere existence of conflicting evidence does not render the commission's determination of a factual question an abuse of discretion. *Vonderheide*, 156 Ohio St.3d 403, 2019-Ohio-1270, 128 N.E.3d 188, at ¶ 14. Because the commission's decision that Bonnlander voluntarily abandoned the workforce was supported by some evidence in the record, the Tenth District correctly denied the writ.

### III. CONCLUSION

{¶ 25} For the foregoing reasons, we affirm the Tenth District's judgment.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

———————————

Mark B. Weisser, for appellant.

Dave Yost, Attorney General, and Eric J. Tarbox, Assistant Attorney General, for appellee Industrial Commission of Ohio.

———————————