THE STATE EX REL. CLINE, APPELLEE, *v*. ABKE TRUCKING, INC., ET AL.;

INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

[Cite as *State ex rel. Cline v. Abke Trucking, Inc.*, 137 Ohio St.3d 557,

2013-Ohio-5159.]

*Workers' Compensation—Court of appeals' judgment reversed and* State ex rel.
Noll *relief granted.*

(No. 2012-1017—Submitted September 10, 2013—Decided November 27, 2013.)

APPEAL from the Court of Appeals for Franklin County, No. 10AP-888,

2012-Ohio-1914.

_____

**Per Curiam**.

{¶ 1}　The Industrial Commission appeals the judgment of the court of appeals issuing a writ of mandamus that ordered the commission to vacate its order of December 14, 2009, and to enter a new order that determines appellee Fred Cline's request for temporary-total-disability compensation.

{¶ 2}　Because the Industrial Commission's December 14, 2009 order did not meet the standards of *State ex rel. Noll v. Indus. Comm*., 57 Ohio St.3d 203, 567 N.E.2d 245 (1991), we reverse the judgment of the court of appeals and issue a limited writ of mandamus returning the matter to the commission to explain its reasoning and conclusions regarding Cline's termination of employment from Abke Trucking, Inc., and, if necessary, regarding his continued participation in the workforce.

{¶ 3}　Cline was injured on August 27, 2008, while working as a truck driver for Abke. His claim was allowed for contusion of the left hip and later for bursitis. He was placed on medical restrictions and assigned to modified duty

offsite with the American Red Cross, where he was required to document his hours and send his weekly attendance record to Abke.

**{¶ 4}** Cline's physician released him to return to work on March 25, 2009, with no restrictions. On that day, he underwent a medical examination in order to renew his commercial driver's license and answered questions on the examination form. Under health history, Cline indicated "no" when asked whether he had diabetes or elevated blood sugar. He signed the form certifying that his answers were complete and true.

**{¶ 5}** Two days later, Abke notified Cline in a letter that he was terminated as of March 25, 2009:

> It has come to our attention that you have been using a medication that would not allow you to operate a commercial vehicle. According to FMCSR [Federal Motor Carrier Safety Regulations] regulation[] 391.41(b)(3) you cannot operate a commercial vehicle if you have diabetes currently requiring insulin for control. Records indicate that you are currently taking Lantus which is insulin for diabetes. Given this information you are no longer eligible to drive [a] truck for Abke Trucking Inc. In addition, concern of your knowingly reporting you worked on January 19 and February 16 while not actually working is a serious violation of falsifying a time card and is cause for immediate discharge on the first violation. Given this information you are considered terminated as of March 25, 2009.

**{¶ 6}** Cline later obtained a job as a truck driver for Hoekstra Transportation, L.L.C., but was terminated on June 25, 2009.

**{¶ 7}** On July 1, 2009, Dr. David Ervin, Cline's treating physician, certified that Cline was temporarily and totally disabled as a result of his industrial injury. The bureau granted Cline temporary-total-disability compensation beginning July 1, 2009. A district hearing officer affirmed.

**{¶ 8}** In December 2009, a staff hearing officer vacated that decision and denied temporary-total-disability compensation. The hearing officer determined that Cline's termination from Abke for violating written work rules was a voluntary abandonment of employment that barred compensation for temporary total disability.

**{¶ 9}** Cline filed an original action in mandamus in the Tenth District Court of Appeals. He alleged that the commission's decision was not supported by the evidence and constituted an abuse of discretion.

**{¶ 10}** The court of appeals determined that Cline could not be ineligible for temporary-total-disability compensation for being an insulin-dependent diabetic, the medical condition that prevented him from returning to his former position of employment, and that the commission had abused its discretion in finding that Cline had falsified two time cards. Thus, the court concluded that the commission had abused its discretion when it determined that Cline was ineligible for temporary-total-disability compensation based upon his termination of employment from Abke. 10th Dist. Franklin No. 10AP-888, 2012-Ohio-1914, ¶ 10-13, 63, 81.

**{¶ 11}** The dissenting judge concluded that the commission's order failed to specifically state the evidence relied upon or explain the reasoning for the decision denying benefits, in violation of *Noll*, 57 Ohio St.3d 203, 567 N.E.2d 245, and thus, she would have issued a limited writ ordering the commission to reconsider its decision. 2012-Ohio-1914 at ¶ 19, 24.

**{¶ 12}** The commission filed an appeal as of right in this court.

**{¶ 13}** A claimant who voluntarily leaves his or her former position of employment for reasons unrelated to an industrial injury cannot receive temporary-total-disability compensation, because the injury no longer is the cause of the loss of wages. *State ex rel. Louisiana-Pacific Corp. v. Indus. Comm.*, 72 Ohio St.3d 401, 650 N.E.2d 469 (1995). When an employee is fired as a consequence of the employee's misconduct, the discharge may nevertheless constitute a voluntary abandonment of employment "when the misconduct arises from the claimant's violation of a written work rule that (1) clearly defined the prohibited conduct, (2) identified the misconduct as a dischargeable offense, and (3) was known or should have been known to the employee." *State ex rel. Brown v. Hoover Universal, Inc.*, 132 Ohio St.3d 520, 2012-Ohio-3895, 974 N.E.2d 1198, ¶ 1.

**{¶ 14}** The commission's December 2009 order summarily concluded, without direct reference to any evidence in the record, that Cline had been terminated as of March 25, 2009, based upon his violation of written work rules:

> Federal regulations prohibit a driver from operating a commercial vehicle if the driver has diabetes which requires insulin for control. The records in file indicate that [Cline] was taking the prescription drug Lantus, which is a form of insulin prescribed for diabetes. Furthermore, [Cline] falsified his time cards for the dates of 1/19/2009 and 2/16/2009.

The hearing officer did not identify the evidence relied upon but merely concluded that as a result of the termination, Cline was barred from receiving compensation for temporary total disability.

**{¶ 15}** It is within the discretion of the commission to decide the issue of voluntary abandonment, and absent an abuse of discretion, the court may not

disturb the commission's order. *See State ex rel. Burley v. Coil Packing, Inc.*, 31 Ohio St.3d 18, 508 N.E.2d 936 (1987). But the commission must issue an order that contains sufficient detail of its reasoning and the evidence supporting it to indicate the grounds underlying its decision. Failure to do so constitutes an abuse of discretion. *State ex rel. Kinnear Div., Harsco Corp. v. Indus. Comm.,* 77 Ohio St.3d 258, 261, 673 N.E.2d 1290 (1997).

{¶ 16} Both parties acknowledge that the order may have failed to meet the minimum standards for commission orders as set forth in *State ex rel. Mitchell v. Robbins & Myers, Inc.*, 6 Ohio St.3d 481, 453 N.E.2d 721 (1983)*,* and *Noll*. Cline even concedes that the commission's order "is manifestly inadequate under *Mitchell* and *Noll*" because it "contains no explanation of the rationale for concluding that [Cline] falsified time cards, nor does it identify any evidence relied upon by the hearing officer as factual support for that conclusion."

{¶ 17} The dissenting opinion stated, "[I]t is unclear from the record or the [staff hearing officer's] order whether [Cline] was terminated because he is insulin-dependent or because he failed to disclose his condition to Abke," and "the [staff hearing officer] simply stated that [Cline] 'falsified his time cards for the dates of 01/19/2009 and 02/16/2009.' " 2012-Ohio-1914 at ¶ 21-22.

{¶ 18} We agree. The commission failed to specifically state the evidence relied upon or explain the reasoning behind its decision that Cline had voluntarily abandoned his employment with Abke, thus making him ineligible for temporary-total-disability compensation. Without more, the order violates *Noll*.

{¶ 19} We reverse the judgment of the court of appeals and issue a limited writ of mandamus returning the matter to the commission to issue a new order that specifically states the evidence relied upon and briefly explains its reasoning consistent with *Noll*.

Judgment reversed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, and O'NEILL, JJ., concur.

FRENCH, J., not participating.

————————————

Gallon, Takacs, Boissoneault & Schaffer Co., L.P.A., and Theodore A. Bowman, for appellee.

Michael DeWine, Attorney General, and Cheryl J. Nester, Assistant Attorney General, for appellant.

————————————