Lanzinger, J.,
concurring.
{¶ 21} The dissent is incorrect in suggesting that by applying our precedent on voluntary abandonment, we have injected the concept of fault into Ohio’s workers’ compensation law. But it cannot be said that because Robinson was fired, she was uncompensated for her workplace injury. Robinson’s workers’ compensation claim was allowed, and she was entitled to participate in the workers’ compensation fund — all without regard to fault. She was entitled to payment of the medical expenses related to the injury, and, in fact she received medical treatment on April 10, 2008, the day of her injury, and then was released to light-duty work. Her employer accommodated her workplace restriction.
{¶ 22} This case relates to a request for additional compensation because Robinson alleges that she was temporarily and totally disabled. To qualify for temporary-total compensation, she was required to show that she was medically incapable of returning to her former position of employment and that it was her injury, rather than the fact that she was fired, that caused her loss of earnings. R.C. 4123.56; State ex rel. Cline v. Abke Trucking, Inc., 137 Ohio St.3d 557, 2013-Ohio-5159, 1 N.E.3d 409, ¶ 13.
{¶23} We have explained that an employee who is temporarily and totally disabled as a result of a workplace injury is entitled to compensation for lost earnings during the period of disability while the injury heals. State ex rel. Ashcraft v. Indus. Comm., 34 Ohio St.3d 42, 44, 517 N.E.2d 533 (1987). But if the employee’s own actions (based on reasons unrelated to the injury) prevent a return to the job, then the employee is not entitled to temporary-total-disability benefits, since it is the employee’s own action — not the injury — that caused the loss of earnings. State ex rel. McCoy v. Dedicated Transport, Inc., 97 Ohio St.3d 25, 2002-Ohio-5305, 776 N.E.2d 51.
{¶ 24} Thus, the principle of voluntary abandonment of employment operates to bar the receipt of temporary-total benefits when an employee’s own action prevents a return to the former position of employment. State ex rel. Louisiana-Pacific Corp. v. Indus. Comm., 72 Ohio St.3d 401, 650 N.E.2d 469 (1995). The principle does not, however, mean that the injured employee is completely uncompensated due to fault.
{¶ 25} It is important to focus on the type of workers’ compensation benefit that is being requested by a claimant. In this matter, the majority opinion *476 details why the commission did not abuse its discretion in denying temporary-total-disability compensation to Robinson, and I concur in all respects.
O’Connor, C.J., concurs in the foregoing opinion.