O’Neill, J.,
dissenting.
{¶ 26} I dissent from the majority’s holding in this case. It is time for this court to restate its support for the Ohio Workers’ Compensation Act and its fundamental proposition that injuries in the workplace are to be evaluated on a no-fault basis.
{¶ 27} As demonstrated in this case and in State ex rel. Cline v. Abke Trucking, Inc., 137 Ohio St.3d 557, 2013-Ohio-5159, 1 N.E.3d 409, the Industrial Commission continues to ignore the fundamental principle that the concept of fault has no place in Ohio’s system of workers’ compensation. The commission abused its discretion by denying Shelby Robinson temporary-total-disability compensation, and the court of appeals erred when it denied her request for a writ of mandamus. Ms. Robinson’s claim for compensation was allowed, which is an administrative acknowledgment that she was injured on the job on April 10, 2008. It cannot be stressed strongly enough that it is irrelevant whether she was terminated for cause on April 16, 2008, April 30, 2008, or any other day for that matter.
{¶ 28} The record before this court is that Ms. Robinson was injured at work prior to her termination and that her doctor certified that she was not able to work for this employer or any other employer for the time in question. As a matter of law, Ms. Robinson’s performance at work is irrelevant to the question whether she is entitled to compensation and payment of medical bills as a result of her workplace injury. Parenthetically, I would note that the injury in question here is a low-back injury, which is common for health-care workers and one that does not go away instantly. Work performance and the constitutional right to be compensated for workplace injuries are two totally separate and unrelated topics.
{¶ 29} “Voluntary abandonment of employment” is a relatively new and unprecedented judicial construct that is eroding Ohio’s constitutionally guaranteed no-fault system, and the majority’s decision takes the court further down the wrong path.
{¶ 30} Ohio’s workers’ compensation system is a no-fault system established in 1912 by an amendment to the Ohio Constitution. See Article II, Section 35. It is codified in great detail in the Ohio Revised Code. Prior to the enactment of the Workers’ Compensation Act, injured workers had the right to sue employers in tort but could only recover damages if they were successful in showing employer *477 negligence. The suits were time-consuming and costly to defend, driving some employers out of business.
{¶ 31} The Workers’ Compensation Act is a compromise between the interests of injured workers and the interests of employers. The cornerstone of Ohio’s system is that both sides surrender certain rights to gain certain protections. Injured workers relinquish their common-law access to the courts and their right to recover damages if they are injured on the job. In return, they gain the right to be compensated for medical bills and loss of earnings from a multibillion-dollar fund supplied by employers, who contribute a percentage of payroll in a predictable and fair process. Employers relinquish their common-law defenses and, in return, receive an ironclad assurance that they cannot be sued for workplace injuries. It is a system of mutual compromise. Blankenship v. Cincinnati Milacron Chems., Inc., 69 Ohio St.2d 608, 614, 433 N.E.2d 572 (1982). “Award is made for all kinds and characters of injuries except those self-inflicted, and has no relation to common-law negligence. It is neither an award of damages nor the imposition of a penalty. It recognizes the fact that the risk of injury or death is an incident of employment in industry * * State ex rel. Crawford v. Indus. Comm., 110 Ohio St. 271, 275, 143 N.E. 574 (1924).
{¶ 32} In State ex rel. Ashcraft v. Indus. Comm., 34 Ohio St.3d 42, 517 N.E.2d 533 (1987), this court held that a claimant receiving temporary-total-disability compensation forfeits his right to continue receiving compensation when he becomes incarcerated because he has voluntarily abandoned the workforce. This judicially created concept of voluntary abandonment was later expanded and applied to circumstances in which an injured worker is terminated following the injury. State ex rel. Louisiana-Pacific Corp. v. Indus. Comm., 72 Ohio St.3d 401, 650 N.E.2d 469 (1995). In Louisiana-Pacific, this court held that an injured employee who is fired is barred from receiving temporary-total-disability compensation when the employer can show that the worker was terminated for violating a written work rule that (1) clearly defined the prohibited conduct, (2) had been previously identified by the employer as a dischargeable offense, and (3) was known or should have been known to the employee. Id. at 403.
{¶ 33} This case presents a great opportunity for this court to disconnect employee fault from injured-worker benefits. Instead, the majority goes further and upholds the Industrial Commission, finding that Ms. Robinson had voluntarily abandoned her employment within the meaning of Louisiana-Pacific because her duties were sufficiently identified in the employee handbook and her job description. She was therefore barred from receiving workers’ compensation benefits. This entire line of reasoning is totally irrelevant and does not shed a single ray of light on the question whether the employee was injured on the job. *478 It is important to note that the stated reason for termination had nothing whatsoever to do with employee safety.
Agee, Clymer, Mitchell & Laret and Robert M. Robinson, for appellant.
Critchfield, Critchfield & Johnston, Ltd., and Susan E. Baker, for appellee Progressive Parma Care Center, L.L.C./Parma Care Nursing and Rehabilitation.
Michael DeWine, Attorney General, and Sandra E. Pinkerton, Assistant Attorney General, for appellee Industrial Commission.
{¶ 34} The test generated by this court in Louisiana-Pacific and expanded here leaves Ms. Robinson’s workplace injury uncompensated despite the fact that her claim was allowed. So what are we saying here? That only good employees will be compensated for an injury on the job? That is not the law in Ohio. It is cases like these that put employers and injured workers in an unnecessarily adversarial position. This is contrary to Ohio’s no-fault system of workers’ compensation. Commission hearings cannot and should not become forums for deciding whether the claimant was fired for just cause. Eligibility for workers’ compensation and the quality of job performance are two distinct and completely unrelated subjects. I dissent.