[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Merritt v. Indus. Comm.*, Slip Opinion No. 2020-Ohio-4379.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-4379

THE STATE EX REL. MERRITT, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Merritt v. Indus. Comm.*, Slip Opinion No. 2020-Ohio-4379.]

*Workers' compensation—Temporary-total disability compensation—Industrial commission's order failed to specifically state what evidence the commission relied on in reaching its conclusion—Court of appeals' judgment reversed and limited writ issued ordering commission to enter a new order.*

(No. 2020-0350—Submitted July 21, 2020—Decided September 11, 2020.)

APPEAL from the Court of Appeals for Franklin County, No. 18AP-234, 2020-Ohio-682.

_____

**Per Curiam.**

**{¶ 1}** Appellee Industrial Commission denied the request of appellant, Christopher T. Merritt, for temporary-total-disability ("TTD") compensation because the commission found that Merritt had violated his employer's drug-free-workplace policy, thereby voluntarily abandoning his employment. Asserting that the commission had abused its discretion, Merritt asked the Tenth District Court of Appeals for a writ of mandamus ordering the commission to conduct a new hearing. The Tenth District denied the writ. Merritt has filed a timely appeal in which, among other arguments, he asserts that the commission's order fails to set forth the evidence that the commission relied on to conclude that his failed drug test was the reason for his termination.

**{¶ 2}** A voluntary abandonment of employment that severs the cause-and-effect relationship between the claimant's industrial injury and his wage loss renders the claimant ineligible for TTD compensation. *State ex rel. McCoy v. Dedicated Transport, Inc.*, 97 Ohio St.3d 25, 2002-Ohio-5305, 776 N.E.2d 51, ¶ 36-38. An involuntary termination can constitute a voluntary abandonment of employment if the employee is terminated for violating a written, clearly defined work rule that the employee knew or should have known was a dischargeable offense. *Id*. at ¶ 8, citing *State ex rel. Louisiana-Pacific Corp. v. Indus. Comm.*, 72 Ohio St.3d 401, 402-403, 650 N.E.2d 469 (1995).

**{¶ 3}** In an order granting or denying benefits to a claimant, the commission must "specifically state what evidence has been relied upon, and briefly explain the reasoning for its decision." *State ex rel. Noll v. Indus. Comm.*, 57 Ohio St.3d 203, 567 N.E.2d 245 (1991), syllabus; *see also State ex rel. Mitchell v. Robbins & Myers, Inc.*, 6 Ohio St.3d 481, 483-484, 453 N.E.2d 721 (1983) (the commission "must specifically state which evidence and only that evidence which has been relied upon to reach [its] conclusion, and a brief explanation stating why the claimant is or is not entitled to the benefits requested"). "The failure to comply with *Noll* 'is equivalent to an abuse of discretion.' " *State ex rel. Gemind v. Indus. Comm.*, 82

Ohio St.3d 457, 460, 696 N.E.2d 1025 (1998), quoting *State ex rel. Ranomer v. Indus. Comm.*, 71 Ohio St.3d 134, 137, 642 N.E.2d 373 (1994).

{¶ 4} In *State ex rel. Cline v. Abke Trucking, Inc.*, 137 Ohio St.3d 557, 2013-Ohio-5159, 1 N.E.3d 409, ¶ 18, we determined that the commission had "failed to specifically state the evidence relied upon or explain the reasoning behind its decision that [the injured worker] had voluntarily abandoned his employment * * *, thus making him ineligible for temporary-total-disability compensation." We stated:

> Without more, the order violates *Noll*.
>
> We reverse the judgment of the court of appeals and issue a limited writ of mandamus returning the matter to the commission to issue a new order that specifically states the evidence relied upon and briefly explains its reasoning consistent with *Noll*.

*Id*. at ¶ 18-19.

{¶ 5} The body of the commission's order denying Merritt's TTD-compensation request states, in its entirety:

> The order of the District Hearing Officer, issued 09/23/2016, is vacated.
>
> It is the order of the Staff Hearing Officer that the Injured Worker's C-86 Motion [motion for TTD compensation], filed 07/18/2016, is denied.
>
> The Staff Hearing Officer denies temporary total disability compensation from 08/19/2015 through the date of hearing, as not substantiated by the evidence on file.

The Staff Hearing Officer finds Injured Worker was terminated on 08/24/2015 for violation of the Employer's drug-free workplace policy after testing positive for marijuana from his random drug screen on 08/12/2015.

The Staff Hearing Officer finds, as Injured Worker was terminated for violation of a written work rule for which Injured worker had knowledge that violation of same would result in termination, that Injured Worker voluntarily abandoned his employment, as of the date of his termination on 08/24/2015.

The Staff Hearing Officer additionally finds no evidence that Injured Worker has returned to the workforce in any capacity since his termination on 08/24/2015.

The Staff Hearing Officer, accordingly, finds that the requested temporary total disability compensation from 08/19/2015 through the present is denied. Any overpayment which occurs as a result of this order is declared such, and is to be recouped pursuant to R.C. 4123.511(K).

All evidence on file has been reviewed and considered in making this finding.

{¶ 6} Because the order does not specifically state what evidence the staff hearing officer relied on to reach the conclusion that Merritt was terminated for violating his employer's drug-free workplace policy, thereby voluntarily abandoning his employment, it does not comply with *Noll* and *Mitchell*. Accordingly, as in *Cline*, we reverse the Tenth District's judgment and grant a limited writ of mandamus ordering the commission to vacate its prior orders, further consider Merritt's claim, and enter a new order that (1) specifically states what evidence the commission has relied on in reaching its conclusion and (2) briefly

explains the reason for the commission's decision, in conformity with *Noll* and *Mitchell*.

Judgment reversed<br>and limited writ granted.

O'CONNOR, C.J., and FRENCH, FISCHER, and DONNELLY, JJ., concur.

KENNEDY, J., dissents, with an opinion joined by DEWINE, J., and joined in part by STEWART, J.

STEWART, J., dissents and would deny the writ on the basis that there is no confusion as to what evidence the Industrial Commission relied on in making its decision.

─────────────────

**KENNEDY, J., dissenting.**

{¶ 7} Because I do not agree that appellant, Christopher T. Merritt, has demonstrated entitlement to a writ of mandamus compelling appellee Industrial Commission to enter a new order that explains the reasons for its decision and specifies the evidence supporting it, I dissent and would affirm the judgment of the Tenth District Court of Appeals.

{¶ 8} I recognize that in a line of cases beginning with *State ex rel. Mitchell v. Robbins & Myers, Inc.*, 6 Ohio St.3d 481, 483-484, 453 N.E.2d 721 (1983), and continuing with *State ex rel. Noll v. Indus. Comm.*, 57 Ohio St.3d 203, 206, 567 N.E.2d 245 (1991), we held that the Industrial Commission and its hearing officers have a duty enforceable in mandamus to specifically state which evidence has been relied upon to reach their conclusion and to include a brief explanation stating why the claimant is or is not entitled to the benefits requested. We relied on this caselaw as recently as last year. *State ex rel. Pacheco v. Indus. Comm.*, 157 Ohio St.3d 126, 2019-Ohio-2954, 132 N.E.3d 670, ¶ 16. But I would not apply it here.

{¶ 9} First, there is no doubt about the reason for the commission's decision—the staff hearing officer expressly found that Merritt had been terminated

from his employment for violating his employer's drug-free-workplace policy and therefore had voluntarily abandoned his employment. Nor are the parties confused about what evidence the staff hearing officer relied on. Merritt himself points to the positive drug test, the drug-free-workplace policy, and the termination notice as the basis of the staff-hearing officer's decision—he just does not agree that this evidence supports a finding that he was terminated for using marijuana (rather than for some other, unspecified reason).

{¶ 10} Further, Merritt did not argue in the court of appeals or in his opening brief to this court that the staff hearing officer's order insufficiently set forth its reasoning for making that finding or failed to cite the evidence supporting the finding that he had voluntary abandoned his employment. He also did not object to the magistrate's decision on that basis. And Civ.R. 53(D)(3)(b)(iv) provides that the failure to object to an alleged error in a magistrate's decision results in a forfeiture of the alleged error on appeal.

{¶ 11} In fact, Merritt did not question the sufficiency of the commission's order in this regard until he filed his reply brief in this court. His belated argument denied the commission the opportunity to respond. This is why we generally will not consider an argument raised for the first time in a reply brief. *State ex rel. Sands v. Culotta*, 157 Ohio St.3d 387, 2019-Ohio-4129, 137 N.E.3d 74, ¶ 9, citing *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 18. And nothing in this case justifies our departure from this rule.

{¶ 12} Moreover, because the precedential value of the holding in *Mitchell* and its progeny has been severely undercut, if not eliminated, by subsequent developments in the law, we should resist its application here.

{¶ 13} When we decided *Mitchell* and held that the commission is required to state its reasoning and specify the evidence on which it relied in granting or denying workers' compensation benefits, we explained that these duties were imposed *by statute*. 6 Ohio St.3d at 484, 453 N.E.2d 721. However, two years

after this court decided *Noll*, the General Assembly repealed those statutes, former R.C. 4123.515 and 4123.518. *See* Am.Sub.H.B. No. 107, 145 Ohio Laws, Part II, 2990, 2991. And a third statute cited in *Mitchell*, R.C. 4121.36(B), at most requires the commission to issue a written opinion.

{¶ 14} In *State ex rel. Ochs v. Indus. Comm*., we recognized that the statutes undergirding the holding in *Mitchell* and *Noll* had been repealed. *Ochs,* 85 Ohio St.3d 674, 675, 710 N.E.2d 1126 (1999). However, rather than deciding that *Mitchell* and its progeny had been abrogated by the General Assembly, the court held that, like the commission, the Bureau of Workers' Compensation must explain its decision because reviewing mandamus actions involving workers' compensation claims is easier when the bureau states its reasoning and specifies the evidence on which it relied. *Ochs* at 675-676. That holding, however, conflicts with the long-established principle that "[i]n proceedings in mandamus a court cannot create a legal duty," *Davis v. State ex rel. Pecsok*, 130 Ohio St. 411, 200 N.E. 181 (1936), paragraph one of the syllabus.

{¶ 15} Although we have not overruled *Mitchell*, *Noll*, and *Ochs*, we have nonetheless declined to extend their holding in mandamus cases reviewing orders from the State Teachers Retirement Board, *State ex rel. Pipoly v. State Teachers Retirement Sys*., 95 Ohio St.3d 327, 2002-Ohio-2219, 767 N.E.2d 719, ¶ 18; the School Employees Retirement Board, *State ex rel. VanCleave v. School Emps. Retirement Sys*., 120 Ohio St.3d 261, 2008-Ohio-5377, 898 N.E.2d 33, ¶ 26; and the Ohio Public Employees Retirement Board, *State ex rel. Cydrus v. Ohio Pub. Emps. Retirement Sys*., 127 Ohio St.3d 257, 2010-Ohio-5770, 938 N.E.2d 1028, ¶ 14-17.

{¶ 16} In each of these cases, we noted the axiom that " 'in mandamus proceedings, the creation of the legal duty that a relator seeks to enforce is the distinct function of the legislative branch of government, and courts are not authorized to create the legal duty enforceable in mandamus.' " (Emphasis deleted

in *Cydrus*.)  *Cydrus* at ¶ 15, quoting *Pipoly* at ¶ 18; *accord VanCleave* at ¶ 24. Because no statute required that these agencies' orders state the reasons for their decisions or specify the evidence on which they relied, we could not impose those requirements on the agencies by judicial fiat in a mandamus case.  As we explained in *VanCleave,* "[a]lthough it may be preferable from a policy standpoint that a retirement board explain its reasoning for its decision, the General Assembly is the final arbiter of public policy."  *Id.* at ¶ 27.

{¶ 17} In *Cydrus,* we also rejected the argument that terminating disability-retirement benefits without specifying the reasons "violates the separation-of-powers doctrine by abrogating the plenary power of the judiciary to provide a meaningful review of the board's decision," *id*. at ¶ 22.  We explained: "[A]dministration of justice is not impeded by the lack of a statute or rule requiring the board to explain the reasons for its denial or termination of disability-retirement benefits.  Reviewing an administrative record in a mandamus proceeding in such a case is 'not any more burdensome than reviewing a summary judgment entered by a trial court without a detailed opinion.' "  *Id*. at ¶ 23, quoting *Pipoly* at ¶ 21.

{¶ 18} "In framing the Ohio Constitution, the people of this state conferred on the General Assembly the legislative power."  *Toledo v. State*, 154 Ohio St.3d 41, 2018-Ohio-2358, 110 N.E.3d 1257, ¶ 26.  And as we have long recognized, " '[t]he creation of a legal duty is a distinctive function of the legislative branch of government.  The most that a court can do in mandamus is to command the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station, when a clear right to such performance is presented.' "  *State ex rel. Stanley v. Cook*, 146 Ohio St. 348, 365, 66 N.E.2d 207 (1946), quoting *Davis*, 130 Ohio St. at 424, 200 N.E. 181.  For these reasons, if the holding in *Mitchell* and its progeny is no longer required by statute, it is not enforceable in mandamus.

{¶ 19} However, it is necessary to resolve that issue only if we decide that Merritt's challenge to the sufficiency of the staff hearing officer's order is properly before the court despite its being raised for the first time in his reply brief. Because in my view that challenge comes too late, I would address only the question that Merritt preserved for our review: Is the commission's order supported by some evidence?

{¶ 20} In this case, Merritt knew that his employer, appellee New Avenues to Independence, Inc., had a workplace rule subjecting him to drug testing and that he could be terminated if testing revealed his use of an illegal drug. New Avenues had him tested, and it terminated his employment *within days* of learning he had tested positive for using marijuana. Merritt does not dispute that he violated the workplace rule or that his positive drug test was a valid basis to terminate his employment. And the positive drug test and the termination occurred so close in time to permit the inference of cause and effect: Merritt was terminated because he violated New Avenues' drug-free-workplace policy.

{¶ 21} Further, Merritt's termination notice indicated that he was "discharged." It does not give any justification for terminating him, but it does say that he was "[e]ligible for re-hire after 6 months per the DFSP policy." Merritt concedes that there is no evidence that New Avenues has a "DFSP" policy, and the language on the discharge notice is consistent with New Avenues' drug-free-workplace policy (i.e., DFWP), which states that New Avenues "will decline to extend a final offer of employment to any applicant with a verified positive test result, and the applicant may not re-apply with [New Avenues] for a period of six (6) months." The termination notice therefore informed Merritt that because he had had a positive drug test, he could not reapply for his job until six months had passed. There would have been no reason to include this information if he were not fired for illegal drug use.

**{¶ 22}** All of this constitutes at least "some" evidence supporting the staff hearing officer's finding that Merritt voluntarily abandoned his employment. And " '[w]here the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus will not lie.' " *State ex rel. Seibert v. Richard Cyr, Inc.*, 157 Ohio St.3d 266, 2019-Ohio-3341, 134 N.E.3d 1185, ¶ 17, quoting *State ex rel. Kroger Co. v. Stover*, 31 Ohio St.3d 229, 232, 510 N.E.2d 356 (1987).

**{¶ 23}** Because Merritt seeks the extraordinary remedy of a writ of mandamus, he bears the burden of establishing that the commission has the clear legal duty to do as he asks. *State ex rel. McKee v. Union Metal Corp.*, 150 Ohio St.3d 223, 2017-Ohio-5541, 80 N.E.3d 491, ¶ 11. He has failed in that burden. Rather than reverse the court of appeals on a new argument that neither the commission nor the court of appeals had the opportunity to address in the first instance, I would affirm the court of appeals. Because the majority rules otherwise, I dissent.

DEWINE, J., concurs in the foregoing opinion.

STEWART, J., concurs in part in the foregoing opinion.

_____

Nager, Romaine & Schneiberg, Co., L.P.A., Jerald A. Schneiberg, and C. Bradley Howenstein, for appellant.

Dave Yost, Attorney General, and Eric J. Tarbox, Assistant Attorney General, for appellee Industrial Commission of Ohio.

_____