[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 360.]

THE STATE EX REL. TOTH, APPELLANT, *v*. INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Toth v. Indus. Comm.*, 1997-Ohio-108.]

*Workers' compensation—Industrial Commission's denial of application for permanent total disability compensation not an abuse of discretion when supported by "some evidence."*

(No. 95-653—Submitted September 9, 1997—Decided December 3, 1997.)

APPEAL from the Court of Appeals for Franklin County, No. 94APD02-236.

_____

{¶ 1} Appellant-claimant, Norma M. Toth, was injured in 1972 in the course of and arising from her employment as a cafeteria worker for the Lorain Board of Education. Her workers' compensation claim has been allowed for "acute right sacroiliac strain, contusion right leg and arm, aggravation of pre-existing hypertrophic osteoarthritis lower lumbar vertebral bodies, dysthymia."

{¶ 2} In 1990, claimant moved appellee, Industrial Commission of Ohio, for permanent total disability compensation. Claimant accompanied her motion with a report from attending physician Dr. Louis A. LaRiccia. Dr. LaRiccia, however, based his assessment of permanent total disability partially on claimant's nonallowed conditions of vascular disease, hypertension, and heart disease.

{¶ 3} Dr. W. Jerry McCloud assessed a forty percent permanent partial orthopedic impairment and found claimant capable of some sustained remunerative employment. His only restrictions were against repetitive bending and lifting in excess of twenty pounds. Dr. Patricia Martin found that claimant's psychological condition was not permanently and totally disabling, and she found claimant to be capable of light part-time employment. Dr. Martin assessed a fifty-percent permanent partial impairment, but it is not clear whether the assessment represented

the psychiatric condition alone or both the physical and psychiatric conditions combined. Dr. J. J. Fierra assessed a combined-effects seventy percent permanent partial impairment and found that claimant was "barely able" to perform sustained remunerative employment.

{¶ 4} On May 10, 1991, the commission, in an interlocutory order, awarded claimant permanent total disability compensation from May 11, 1991 through August 20, 1991, with additional compensation subject to further hearing. Compensation was apparently extended administratively to October 6, 1991.

{¶ 5} On December 3, 1991, claimant's application was heard by the full commission, which denied further permanent total disability compensation. That order was eventually vacated by the Court of Appeals for Franklin County and returned to the commission for further consideration, pursuant to *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 567 N.E.2d 245. On further review, the commission, on February 23, 1993, again denied permanent total disability compensation, writing:

"The findings and order are based particularly on the medical report(s) of Dr.(s) McCloud, Martin and Fierra, the evidence in the file, and the evidence adduced at the hearing.

"The only objective physical indication of impairment found by Dr. McCloud is an 80% loss of lumbar reserve resulting in a restriction against repetitive bending and lifting in excess of 20 pounds. Claimant, therefore, has the unrestricted use of all her extremities to perform any fine motor movements, and can assume any static body posture such as sitting, standing, or walking for any length of time. Neither Dr. Martin nor Dr. Weinstein report[s] any specific restrictions upon her activities due to the psychiatric component. Claimant is a high school graduate, and is therefore not considered educationally impaired from performing work within her above-described physical capabilities. Although Claimant's actual employment experience is limited to working as a seamstress

for a brief period between high school and her marriage at age 20, and her brief return to the work force for approximately a year as a food service worker after her children were grown, she does have significant fine-motor skills as a seamstress developed both while employed, and upon her own at home, that is held to overcome such limited employment history. Claimant's age of 64 is held not to preclude her from utilizing her residual physical capabilities and fine motor skills in performing sustained remunerative employment."

{¶ 6} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying her permanent total disability compensation. The court of appeals disagreed and denied the writ.

{¶ 7} This cause is now before the court upon an appeal as of right.

———————————

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy; Hahn, Swadey & Pollack* and *Victor Hahn*, for appellant.

*Betty D. Montgomery*, Attorney General, and *David J. Kovach*, Assistant Attorney General, for appellee.

———————————

***Per Curiam.***

{¶ 8} Claimant challenges the commission's denial of permanent total disability compensation and the appellate decision that affirmed it. We affirm.

{¶ 9} Most of claimant's propositions can be disposed of summarily.

I

{¶ 10} As to proposition of law two, part-time work constitutes sustained remunerative employment. See *State ex rel. Wireman v. Indus. Comm.* (1990), 49 Ohio St.3d 286, 551 N.E.2d 1265; *State ex rel. Pepsi-Cola Bottling Co. v. Morse* (1995), 72 Ohio St.3d 210, 648 N.E.2d 827.

II

**{¶ 11}** As to proposition of law three, the commission's 1991 interlocutory award of permanent total disability compensation for a closed period did not compel the commission to extend this compensation. *State ex rel. Draganic v. Indus. Comm.* (1996), 75 Ohio St.3d 461, 663 N.E.2d 929.

### III

**{¶ 12}** As to proposition of law four, the commission affirmatively considered, per the order's terms, the William Fink vocational report. The commission also expressly considered claimant's allowed psychological condition.

### IV

**{¶ 13}** As to proposition of law five, claimant, if she prevails, is not entitled to payment of photocopy expenses as costs. Civ.R. 54(D) provides that "[e]xcept when express provision therefor is made either in a statute or in these rules, costs shall be allowed to the prevailing party unless the court otherwise directs." "Costs" include the " 'statutory fees to which officers, witnesses, jurors and others are entitled for their services in an action * * *.' " *Centennial Ins. Co. v. Liberty Mut. Ins. Co.* (1982), 69 Ohio St.2d 50, 23 O.O.3d 88, 89, 430 N.E.2d 925, 926. It does not include "fees and disbursements" that are not statutorily authorized. *Id*. at 51, 23 O.O.3d at 89, 430 N.E.2d at 926.

**{¶ 14}** Claimant cites no statutory authority for the allowance of the copying expenses. Moreover, we agree with *Cincinnati ex rel. Simons v. Cincinnati* (1993), 86 Ohio App.3d 258, 620 N.E.2d 940, which specifically held that photocopying expenses are not "costs." As such, claimant has no right to the award of these expenses.

### V

**{¶ 15}** Having dispensed with these preliminary matters, our analysis turns to the traditional permanent total disability review. The starting point is, as always, a review for "some evidence" supporting the commission's conclusion that claimant was medically capable of sustained remunerative employment. Here, the

commission cited the absence of psychiatric restrictions and the relatively few physical restrictions noted by Dr. McCloud as justification for its conclusion that claimant was medically able to work. This constitutes support for the commission's medical conclusion.

{¶ 16} We further find that the commission did not abuse its discretion in finding that claimant had some vocational skills, and that those skills offset the obstacles posed by claimant's age. She has been an accomplished seamstress since childhood, and the commission found that, at a minimum, claimant's sewing skills imparted significant fine-motor skills — a conclusion that claimant does not dispute. Some of the jobs that claimant's motor skills suggest — for example, assembly work — are not inconsistent with her physical restrictions as reported by the commission. It was not, therefore, an abuse of discretion for the commission to find that claimant's nonmedical profile permitted her to secure alternate employment.

{¶ 17} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, RESNICK and F. E. SWEENEY, JJ., dissent and would reverse the judgment of the court of appeals.

———————————