[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Bonnlander v. Hamon,* Slip Opinion No. 2017-Ohio-4003.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-4003

THE STATE EX REL. BONNLANDER, APPELLANT, *v.* HAMON ET AL.; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Bonnlander v. Hamon,* Slip Opinion No. 2017-Ohio-4003.]

*Workers' compensation—Permanent total disability—There is no hourly standard for determining one's capability to perform sustained remunerative employment on part-time basis—Industrial Commission decides whether a claimant is capable of sustained remunerative employment on case-by-case basis—Commission did not abuse its discretion in relying on expert's report to find that claimant was capable of up to four hours of sedentary work a day—Court of appeals' judgment denying writ of mandamus affirmed.*

(No. 2015-1697—Submitted April 4, 2017—Decided May 30, 2017.)

APPEAL from the Court of Appeals for Franklin County, No. 14AP-855, 2015-Ohio-4038.

_____

**Per Curiam.**

{¶ 1} Appellant, Timothy Bonnlander, has appealed the judgment of the Tenth District Court of Appeals denying his request for a writ of mandamus that would compel appellee, Industrial Commission, to award him compensation for permanent total disability resulting from his workplace injury. For the reasons that follow, we affirm the judgment of the court of appeals.

{¶ 2} Bonnlander was injured in a motor-vehicle accident while in the course and scope of his employment on October 13, 1992. His workers' compensation claim was allowed for numerous medical conditions and depressive disorder.

{¶ 3} Bonnlander returned to work after the accident in various positions in the construction industry. He also worked for nine years for the postal service, in maintenance and as a mail carrier. He last worked in December 2008.

{¶ 4} On February 28, 2014, Bonnlander applied for permanent-total-disability benefits, submitting a report from his treating psychologist in support of his application. John J. Brannan, M.D., and Debjani Sinha, Ph.D., examined Bonnlander on behalf of the commission. Dr. Brannan concluded that Bonnlander's medical conditions would not prevent him from performing sedentary work. Dr. Sinha evaluated Bonnlander's psychological condition and concluded that he was capable of working "part-time, up to 4 hours a day," with the following limitations: "accommodate for variable concentration; routine jobs are more appropriate; minimal new learning on an ongoing basis; multiple breaks."

{¶ 5} Following a hearing, a staff hearing officer relied on the reports of Drs. Brannan and Sinha and concluded that Bonnlander "could engage [in] sedentary employment activity which involves part-time work, up to four hours a day and also involves routine employment and minimal new learning on an ongoing basis. The sedentary work should also avoid overhead use of the right arm and avoid excessive lifting, bending and twisting."

**{¶ 6}** The hearing officer also analyzed Bonnlander's nonmedical disability factors and concluded, "[b]ased upon [Bonnlander's] age, education and work experience as well as the restrictions noted by Dr. Brannan and Dr. Sinha," that Bonnlander was not permanently and totally disabled.

**{¶ 7}** Bonnlander filed a complaint in mandamus alleging that the commission abused its discretion by entering an order that was not supported by any evidence in the record.

**{¶ 8}** A magistrate concluded that Dr. Sinha's report supported the commission's decision. The magistrate determined that the commission "adopted all of the 'restrictions' noted" in the reports of Drs. Brannan and Sinha and that Dr. Sinha's opinion that Bonnlander can work "up to 4 hours a day" met the standard for part-time work set forth in *State ex rel. Sheller-Chiles v. Indus. Comm.*, 10th Dist. Franklin No. 13AP-245, 2014-Ohio-313, ¶ 5.

**{¶ 9}** In a two-to-one decision, the court of appeals adopted the magistrate's decision and denied the writ. According to the dissenting judge, Dr. Sinha's opinion did not meet the *Sheller-Chiles* standard.

**{¶ 10}** Bonnlander filed an appeal as of right.

**{¶ 11}** To be entitled to extraordinary relief in mandamus, a relator must show that he or she has a clear legal right to the relief requested and that the commission has a clear legal duty to provide it. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph nine of the syllabus. A clear legal right to a writ of mandamus exists when the relator demonstrates that the commission abused its discretion by entering an order not supported by any evidence in the record. *State ex rel. Burley v. Coil Packing, Inc.*, 31 Ohio St.3d 18, 20, 508 N.E.2d 936 (1987). Thus, we must determine whether Dr. Sinha's report constituted some evidence supporting the commission's order denying permanent-total-disability compensation.

**{¶ 12}** Bonnlander argues that Dr. Sinha's report does not support the commission's order because given his need to take multiple breaks, the report does not establish that Bonnlander is capable of working four hours a day. *See State ex rel. DeSalvo v. May Co.*, 10th Dist. Franklin No. 98AP-986 (June 29, 1999), *aff'd without opinion*, 88 Ohio St.3d 231, 724 N.E.2d 1147 (2000). Bonnlander maintains that his need for multiple breaks so limits his ability to function that he cannot work four hours a day and must be considered permanently and totally disabled.

**{¶ 13}** The commission contends that four hours of work a day is not a threshold requirement for part-time sustained remunerative employment and that such a bright-line rule would interfere with the commission's role as finder of fact and exclusive evaluator of disability. The commission also argues that although some injured workers are so physically restricted that they are incapable of working, Bonnlander is not. The commission maintains that eligibility for permanent-total-disability compensation is decided on a case-by-case basis and that the record contains evidence that Bonnlander is capable of some sustained remunerative employment.

**{¶ 14}** We agree with the commission.

**{¶ 15}** Permanent total disability is defined as "the inability to perform sustained remunerative employment due to the allowed conditions in the claim." Ohio Adm.Code 4121-3-34(B)(1). Work is "sustained" if it consists of an ongoing pattern of activity. *State ex rel. Kirby v. Indus. Comm.*, 97 Ohio St.3d 427, 2002-Ohio-6668, 780 N.E.2d 275, ¶ 10, citing *State ex rel. Schultz v. Indus. Comm.*, 96 Ohio St.3d 27, 2002-Ohio-3316, 770 N.E.2d 576, ¶ 63. To be considered sustained, work need not be regular or daily but may be intermittent and occasional, *State ex rel. McDaniel v. Indus. Comm.*, 118 Ohio St.3d 319, 2008-Ohio-2227, 889 N.E.2d 93, and it may be part-time, *State ex rel. Toth v. Indus. Comm.*, 80 Ohio St.3d 360, 362, 686 N.E.2d 514 (1997). Thus, the commission's analysis in a permanent-total-

disability case must focus on whether the claimant is capable of sustained remunerative employment. *State ex rel. Lawson v. Mondie Forge*, 104 Ohio St.3d 39, 2004-Ohio-6086, 817 N.E.2d 880, ¶ 16.

{¶ 16} In *DeSalvo*, 10th Dist. Franklin No. 98AP-986, the court of appeals determined that the commission had not abused its discretion when it found that a claimant was capable of sustained remunerative employment based on her limited abilities to sit, stand, and walk for up to 4.5 hours a day. Since *DeSalvo*, the court of appeals has reiterated that four or more hours a day is the standard for determining whether part-time work constitutes sustained remunerative employment, but the court also continues to acknowledge the commission's discretion in each case. *Sheller-Chiles*, 10th Dist. Franklin No. 13AP-245, 2014-Ohio-313, at ¶ 5; *State ex rel. DaimlerChrysler Corp. v. Indus. Comm.*, 10th Dist. Franklin No. 06AP-387, 2007-Ohio-1498, ¶ 32; *State ex rel. Cale v. Indus. Comm.*, 10th Dist. Franklin No. 01AP-1143, 2002-Ohio-2924, ¶ 27; *State ex rel. Elastomers v. Torok*, 10th Dist. Franklin No. 02AP-116, 2002-Ohio-4770, ¶ 21; *State ex rel. Moyer v. Sharonville Fire Dept.*, 10th Dist. Franklin No. 04AP-92, 2005-Ohio-587, ¶ 29.

{¶ 17} There is no statutory or administrative authority for the court of appeals' interpretation that four or more hours of work a day is the standard for sustained remunerative employment. Ohio Adm.Code 4121-3-34(B)(2) classifies work by physical demands, i.e., sedentary, light, medium, heavy, and very heavy, that refer to one's capability to exert various degrees of force "occasionally," "frequently," or "constantly." Evaluation of the weight and credibility of the evidence is left to the discretion of the commission within the context of each case. *Burley*, 31 Ohio St.3d at 20-21, 508 N.E.2d 936.

{¶ 18} In addition, this court has specifically rejected applying a numerical analysis in permanent-total-disability cases. *State ex rel. McDaniel v. Indus. Comm.*, 118 Ohio St.3d 319, 2008-Ohio-2227, 889 N.E.2d 93, ¶ 14-17, citing

*Lawson*, 104 Ohio St.3d 39, 2004-Ohio-6086, 817 N.E.2d 880. The mere number of activities performed by a claimant receiving permanent-total-disability compensation, without context providing a time frame and the character of the activities, is meaningless for purposes of determining whether the claimant has the capability of performing sustained remunerative employment. *Id.* at ¶ 15.

{¶ 19} Furthermore, we generally discourage bright-line rules in workers' compensation matters.

> [W]orkers' compensation cases are, to a large extent, very fact specific. As such, no one test or analysis can be said to apply to each and every factual possibility. Nor can only one factor be considered controlling. Rather, a flexible and analytically sound approach to these cases is preferable. Otherwise, the application of hard and fast rules can lead to unsound and unfair results.

*Fisher v. Mayfield*, 49 Ohio St.3d 275, 280, 551 N.E.2d 1271 (1990).

{¶ 20} Therefore, we hold that there is no hourly standard for determining one's capability to perform sustained remunerative employment on a part-time basis. The commission decides whether a claimant is capable of sustained remunerative employment on a case-by-case basis. Here, Dr. Sinha opined that Bonnlander's psychological condition limited him to four hours of work a day with multiple breaks. It was within the commission's discretion to rely on Dr. Sinha's report as evidence to support the conclusion that Bonnlander was capable of up to four hours of sedentary work a day.

{¶ 21} The court of appeals properly denied Bonnlander's request for a writ of mandamus. Consequently, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

———————————

Lisa M. Clark, for appellant.

Michael DeWine, Attorney General, and Eric J. Tarbox, Assistant Attorney General, for appellee.

———————————