[Cite as *State ex rel. Franta v. Indus. Comm.*, 2021-Ohio-1501.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. Cindy Franta, | : | |
| Relator, | : | |
| | : | No. 19AP-530 |
| v. | : | (REGULAR CALENDAR) |
| Industrial Commission of Ohio et al., | : | |
| Respondents. | : | |

D E C I S I O N

Rendered on April 29, 2021

*Agee Clymer Mitchell & Portman*, and *Frederic A. Portman*, for relator.

*Dave Yost*, Attorney General, and *Lauren A. Kemp*, for respondent Industrial Commission of Ohio.

IN MANDAMUS
ON OBJECTION TO THE MAGISTRATE'S DECISION

BROGAN, J.

{¶ 1}  Relator, Cindy Franta, commenced on August 14, 2019 this original action seeking a writ of mandamus to compel respondents, Industrial Commission of Ohio ("commission") and Columbus City Schools, to set aside an order denying relator permanent total disability ("PTD") compensation and to enter an order granting such benefits.

{¶ 2}  Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision on December 2, 2020, including findings of fact and conclusions of law, which is appended hereto.  The magistrate concluded the commission's determination to deny relator PTD compensation is supported

by the opinion of Todd Finnerty, Psy.D., addressing relator's psychological conditions. Therefore, the magistrate recommended this court deny the writ.

{¶ 3} Relator filed an objection to the magistrate's decision challenging the use of Dr. Finnerty's report as evidence to support the commission's order denying PTD compensation. Pursuant to Civ.R. 53(D)(4)(d), this court is tasked with ruling on relator's objections by "undertak[ing] an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Loc.R. 13(M)(1). We "may adopt or reject a magistrate's decision in whole or in part, with or without modification." Civ.R. 53(D)(4)(b); Loc.R. 13(M)(1). Having conducted an independent review of the matter raised in relator's objection, we find the magistrate properly determined the writ should be denied.

## I. Mandamus Standard

{¶ 4} Mandamus relief is appropriate only if the relator establishes "a clear legal right to the relief requested, a clear legal duty on the part of the commission * * * to provide the relief, and the lack of an adequate remedy in the ordinary course of the law." *State ex rel. Baker v. Indus. Comm. of Ohio*, 143 Ohio St.3d 56, 2015-Ohio-1191, ¶ 12. "In matters before it, the commission is the exclusive evaluator of the weight and credibility of the evidence." *State ex rel. Navistar, Inc. v. Indus. Comm. of Ohio*, ___ Ohio St.3d ___, 2020-Ohio-712, ¶ 13; Ohio Adm.Code 4121-3-34(D)(3)(c) (stating that in adjudicating all applications for PTD compensation, "[t]he industrial commission has the exclusive authority to determine disputed facts, the weight of the evidence, and credibility"). Therefore, to be entitled to an extraordinary remedy in mandamus, the relator must demonstrate, by clear and convincing evidence, the commission " 'abused its discretion by entering an order not supported by any evidence in the record.' " *Navistar* at ¶ 13, quoting *State ex rel. WFAL Constr. v. Buehrer*, 144 Ohio St.3d 21, 2015-Ohio-2305, ¶ 12.

## II. Analysis

{¶ 5} Relator objects to the magistrate's determination that Dr. Finnerty's report is "some evidence" to support the commission's decision to deny her PTD compensation relating to her allowed psychological conditions. (Obj. at 2.) To relator, Dr. Finnerty's report "evidentiarily supports the Relator's restrictions and unlikelihood of finding 'sustained and remunerative employment,' such that the Industrial Commission[']s

reliance on this report is demonstrative of an unlawful abuse of discretion."  (Obj. at 3.)  We disagree.

{¶ 6}    Permanent total disability is defined in the Ohio Administrative Code as "the inability to perform sustained remunerative employment due to the allowed condition(s) in the claim(s.)"  Ohio Adm.Code 4121-3-34(B)(1).  As stated by the Supreme Court of Ohio in *State ex rel. Bonnlander v. Hamon*, 150 Ohio St.3d 567, 2017-Ohio-4003, ¶ 15:

> Work is "sustained" if it consists of an ongoing pattern of activity.  *State ex rel. Kirby v. Indus. Comm.*, 97 Ohio St.3d 427, 2002-Ohio-6668, ¶ 10, 780 N.E.2d 275, citing *State ex rel. Schultz v. Indus. Comm.*, 96 Ohio St.3d 27, 2002-Ohio-3316, ¶ 63, 770 N.E.2d 576.  To be considered sustained, work need not be regular or daily but may be intermittent and occasional, *State ex rel. McDaniel v. Indus. Comm.*, 118 Ohio St.3d 319, 2008-Ohio-2227, 889 N.E.2d 93, and it may be part-time, *State ex rel. Toth v. Indus. Comm.*, 80 Ohio St.3d 360, 362, 1997-Ohio-108, 686 N.E.2d 514 (1997).  Thus, the commission's analysis in a permanent-total-disability case must focus on whether the claimant is capable of sustained remunerative employment.  *State ex rel. Lawson v. Mondie Forge*, 104 Ohio St.3d 39, 2004-Ohio-6086, ¶ 16, 817 N.E.2d 880.

If a claimant is capable of sustained remunerative employment, PTD compensation should be denied.  Ohio Adm.Code 4121-3-34(B)(1) and (D)(3)(b).  *See Bonnlander* at ¶ 20.

{¶ 7}    Here, as set forth in more detail in the magistrate's decision, the commission found relator "retains the ability to perform sedentary employment which involves a static set of tasks without fast pace or frequent change and entails only interaction with a small number of others briefly, superficially and infrequently."  (Stip. at 32.)  The commission recognized that "there are a number of sedentary jobs in the workforce which do not necessitate significant interaction with co-workers or the general public" and that relator's age and demonstrated intelligence are "indicative of her ability to obtain sedentary work either in the home environment or in a relatively sheltered office setting which would be compatible with her claim related restrictions."  (Stip. at 32.)  The commission's order denying PTD compensation was based on Dr. Finnerty's report regarding her allowed psychological conditions—depressive disorder and generalized anxiety disorder—as well as

another physician's report related to her allowed physical conditions that is not contested or at issue here.

{¶ 8} Relator does not challenge Dr. Finnerty's assessment of relator's psychological conditions or his conclusions as to the limitations on work. Instead, relator argues, essentially, that PTD compensation is clearly warranted due to the "unlikelihood of finding 'sustained and remunerative employment' " considering those limitations in Dr. Finnerty's report. (Obj. at 3, citing Dr. Finnerty's report at 9.) Relator questions whether it is "even possible" to find an employer who will accommodate such limitations. (Obj. at 2.)

{¶ 9} As a preliminary consideration, relator provides this court with no legal authority to support her position that the unlikelihood of a claimant finding an employer that will accommodate certain work limitations is dispositive to the commission's determination of PTD compensation. Regardless, even if that were the case, she merely presents her own opinion of her likeliness to find such employment, which is not sufficient to meet the standard in mandamus to establish " 'a clear legal right to the relief requested.' " *Navistar*, 2020-Ohio-712, at ¶ 13, quoting *Baker*, 2015-Ohio-1191, at ¶ 12.

{¶ 10} Moreover, the central question here is "whether *the claimant is capable* of sustained remunerative employment." (Emphasis added.) *Bonnlander*, 2017-Ohio-4003, at ¶ 15. Ohio Adm.Code 4121-3-34(B)(1) and (D)(3)(b). To that end, Dr. Finnerty's report provided an evidentiary basis for the commission to deny PTD compensation. Dr. Finnerty opined relator's allowed psychological conditions had attained maximum medical improvement. Considering a range of assessment tools, including those cited by relator in her objection, Dr. Finnerty concluded that in four functional areas (daily functioning; social functioning; concentration, persistence, and pace; and adaptation), relator exhibited "[m]oderate impairment" of 31 percent. (Stip. at 18.) Dr. Finnerty further indicated that as a result of his interview, review of the record, and examination of relator, she could "sustain a static set of tasks without fast pace or frequent changes which may exacerbate maladaptive responses to stress" and "[s]he can interact with a small number of others briefly, superficially and infrequently." (Stip. at 19.)

{¶ 11} We agree with the magistrate's assessment that Dr. Finnerty's report is internally consistent, unequivocal, and "some evidence" on which the commission could

rely to conclude relator is capable of sustained remunerative employment. *Bonnlander* at ¶ 11. As a result, relator has not met its burden in mandamus to demonstrate, by clear and convincing evidence, the commission " 'abused its discretion by entering an order not supported by any evidence in the record.' " *Navistar* at ¶ 13, quoting *WFAL Constr.*, 2015-Ohio-2305, at ¶ 12. Because relator has not established " 'a clear legal right to the relief requested, a clear legal duty on the part of the commission * * * to provide the relief, and the lack of an adequate remedy in the ordinary course of the law,' " relief in mandamus in this case is inappropriate. *Navistar* at ¶ 13, quoting *Baker* a ¶ 12.

## III. Conclusion

{¶ 12} Having independently reviewed the objected matters, we find the magistrate properly determined the factual issues and appropriately applied the law. Pursuant to Civ.R. 53(D)(4), we adopt the decision of the magistrate as our own, including the findings of fact and the conclusions of law. In accordance with the magistrate's recommendation, we deny relator's request for a writ of mandamus.

*Writ of mandamus denied.*

DORRIAN, P.J., and MENTEL, J., concur.

BROGAN, J., retired, of the Second Appellate District, assigned
to active duty under authority of the Ohio Constitution, Article
IV, Section 6(C).

_____

**A P P E N D I X**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Cindy Franta,                :

       Relator,                              :

v.                                         :            No. 19AP-530

Industrial Commission of Ohio et al.,      :         (REGULAR CALENDAR)

       Respondent.                           :

---

M A G I S T R A T E ' S   D E C I S I O N

Rendered on December 2, 2020

---

*Agee Clymer Mitchell & Portman*, and Frederic A. Portman, for relator.

*Dave Yost*, Attorney General, and *Lauren A. Kemp*, for respondent.

---

IN MANDAMUS

{¶ 13} Relator, Cindy Franta, brings this original action seeking a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to set aside its order denying relator's application for permanent total disability ("PTD") benefits, and enter an ordering granting such benefits.

Findings of Fact:

{¶ 14} 1. Relator worked as an elementary school teacher for respondent Columbus City Schools.

{¶ 15} 2. In 2010, relator suffered injuries in the course of and arising out of her employment when relator leaned backwards in a seat that lacked back support and fell.

{¶ 16} 3. Relator's claim was allowed for sprain lumbar regions; substantial aggravation of pre-existing degenerative disc disease at L5-S1; S1 radiculopathy; depressive disorder; generalized anxiety disorder. (Stip. at 31.)

{¶ 17} 4. Relator filed her PTD application on November 8, 2018.

{¶ 18} 5. Relator's education, as stated on her application for PTD benefits and elsewhere in the record, reflects a master's degree in education obtained from Ashland University in 2002. Previous employment included a time as a preschool administrator and ten years with Columbus City Schools as an elementary school math teacher. Relator's PTD application also describes some significant basic computer skills.

{¶ 19} 6. In connection with relator's PTD application, the commission obtained an examination of relator by Dr. James Natalie to assess relator's allowed physical conditions. Dr. Natalie concluded that relator has reached maximum medical improvement ("MMI"), and was physically capable of performing sedentary work with an accommodation for her allowed physical conditions.

{¶ 20} 7. Relator then was examined by Todd Finnerty, Psy.D., to evaluate relator's allowed psychological conditions. Dr. Finnerty reported relator's chief complaint as depression and anxiety following her work injury, lack of energy, and inability to get things done. Dr. Finnerty reviewed past treatment and relator's history of pain management and anti-depressant medication. Pursuant to his examination, Dr. Finnerty observed no signs of intoxication, use of illegal substances, or alcohol. Relator was appropriately groomed with no obvious hygiene problems and maintained a cooperative attitude throughout the interview. Relator sat through the entire examination and did not demonstrate signs of physical discomfort, such as shifting in her chair or difficultly getting up or sitting down.

{¶ 21} 8. With respect to mood and affect, Dr. Finnerty observed as follows:

> MOOD AND AFFECT: She had a full range affect. She did not cry or become tearful, but her eyes did become moist at times. She was able to smile at times and she also smiled uncomfortably at times. There were not dark circles observed under her eyes. There were some minor signs of anxiety and tension observed but not substantial signs of facial reddening, sweating or significant motor tension. She was able to complete sentences without any substantial stammering or signs of nervousness. She was not observed to have any significant respiratory changes associated with anxiety. She did have some

reduced eye contact at times, but not to a substantial degree, and she was also able to make eye contact with the examiner. Her hands were often folded together in her lap, but she was not observed to wring her hands or grip them together tightly.

**SPEECH:** The injured worker's speech was 100% intelligible.

**THOUGHT CONTENT, PERCEPTUAL DISTURBANCES, THOUGHT PROCESS:** The injured worker did not evidence any signs of psychosis or mania. She denied experiencing hallucinations. She did not appear paranoid or to be experiencing any delusions. There were no signs of compulsive behavior or responding to obsessive thoughts. When asked if she's experienced hallucinations she stated "No-I believe in ghosts though." She reported that she was "not sure" if she's ever seen a ghost but she has "seen something out of the corner of my eye" or "when a dog barks for no reason or a spoon falls in the sink for no reason" she thinks it may be a sign of a ghost.

**COGNITION:** She was able to function effectively as her own historian and followed the conversation appropriately. There were no significant concentration difficulties observed in the interview. She appears to have adequate cognitive abilities. She was asked to complete serial 7's (subtracting 7 from 100 and each subsequent response); she made one error in five subtractions but quickly self-corrected her answer without prompting. She was asked to remember five words after a delay that included interference from other cognitive tasks. She remembered three without assistance but required hints for the other two words before remembering them.

**INSIGHT & JUDGMENT:** There was no indication that she would not be able to manage her own affairs in her own best interest.

{¶ 22} 9. Dr. Finnerty then reviewed relator's responses on a patient health questionnaire, an assessment tool known as the Beck Depression Inventory, which placed her in the severe depression range, and the Generalized Anxiety Disorder 7-item scale, in which relator reported daily nervousness, anxiety and worry.

{¶ 23} 10. Drawing on these assessment tools, Dr. Finnerty concluded that in four functional areas, relator exhibited moderate impairment of 31 percent and daily

functioning, social functioning, concentration, persistence and pace, and adaptation. (Stip. at 18.)

{¶ 24} 11. In conclusion, Dr. Finnerty found that relator had reached MMI with respect to her allowed psychological conditions. Dr. Finnerty concluded that relator could "sustain a static set of tasks without fast pace or frequent changes which may exacerbate maladaptive responses to stress. She can interact with a small number of others briefly superficially and infrequently." (Stip. at 20.)

{¶ 25} 12. Before filing her PTD application, relator requested participation in Ohio Bureau of Workers' Compensation ("BWC") vocational rehabilitation program. The application was rejected because relator had no current work restrictions and was not receiving current compensation. (Supp. Stip. at 57-58.)

{¶ 26} 13. Relator's PTD application was heard before a staff hearing officer ("SHO") in April 2019, who relied upon the reports of Drs. Natalie and Finnerty to find that relator was medically and psychologically capable of sedentary work as described by Dr. Finnerty, with limitations. The SHO relied on Dr. Finnerty's report and concluded that relator's age of 53, advanced education, significant computer skills, and positive work history were significant factors for denying PTD. The SHO concluded that "[b]ecause the Injured Worker has the residual capacity to return to employment consistent with the restrictions identified by Dr. Natalie and Dr. Finnerty, and because she is qualified by age, education and work history to obtain and perform work at that level, the Staff Hearing Officer concludes the Injured Worker is capable of performing sustained remunerative employment." (Stip. at 32.)

{¶ 27} 14. Relator filed her complaint in mandamus with this court on August 14, 2019.

Discussion and Conclusions of Law:

{¶ 28} To demonstrate her right to a writ of mandamus, relator must demonstrate a clear legal right to the relief sought, a clear legal duty on the part of respondent to grant the relief, and the absence of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus.* Comm., 11 Ohio St.2d 141 (1967). The commission is the exclusive evaluator of weight and credibility, and as long as some evidence supports the commission's decision, the reviewing courts will defer to its judgment. *State ex rel. LTV Steel Co. v. Indus.*

Comm., 88 Ohio St.3d 284, 287 (2000). Even where contrary evidence is presented at the administrative hearing, as long as the commission heard some evidence supporting its findings, its findings will not be deemed an abuse of discretion. *State ex rel. Commercial Lovelace Motor Freight, Inc. v. Lancaster,* 22 Ohio St.3d 191, 193 (1986).

{¶ 29} For the following reasons, the magistrate concludes the commission did not abuse its discretion and its determination in denying PTD is supported by some evidence.

{¶ 30} Relator does not challenge in this case the commission's right to disregard the conflicting medical evidence submitted by relator, or the commission's reliance on Dr. Natalie's report addressing her allowed physical conditions. Relator challenges only the commission's reliance on Dr. Finnerty's opinion regarding her psychological condition and his conclusion that she can participate and engage in sustained remunerative employment. Relator asserts that Dr. Finnerty's opinion is "unreasonable and should not be considered 'some evidence.'" (Relator's brief at 11.)

{¶ 31} Dr. Finnerty's opinion is detailed, internally consistent, and unequivocal in its conclusions. Relying on this evidence, the SHO determined that relator could perform tasks consistent with limitations described by Dr. Finnerty, which were not negligible and reflected Dr. Finnerty's thorough assessment of relator's condition. Based upon Dr. Finnerty's report, the SHO concluded relator could perform sedentary work in a home environment or a relatively sheltered office setting and, thus, was not incapable of sustained remunerative employment. The SHO's conclusion is both consistent with the medical evidence relied upon, which comprised some evidence upon which the commission could base its decision. The magistrate discerns no abuse of discretion on the part of the commission in entering its order.

{¶ 32} It is therefore the decision and recommendation of the magistrate that the court deny relator's requested writ of mandamus.

/S/ MAGISTRATE
MARTIN L. DAVIS

## NOTICE TO THE PARTIES

> Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii),

unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).